DE LEMOS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1901.)

No. 938.

CRIMINAL LAW—PROCEDURE FOR REVIEW—APPEAL.

The fundamental distinction existing at common law between appeals and writs of error has always been recognized and maintained in the appellate procedure of the courts of the United States, and a judgment in an action at law or in a criminal case has never been reviewable except by writ of error; nor was it the purpose of congress to change such rule by Act Jan. 20, 1897 (29 Stat. 492), amending section 5 of the act creating the circuit courts of appeals by transferring from the supreme

court to such courts appellate jurisdiction in a certain class of criminal cases, and which provides that "appeals or writs of error may be taken from the district courts or circuit courts to the proper circuit court of appeals in cases of conviction of an infamous crime not capital." The words "appeal or writ of error" are used in several places in the original act, not as permitting the use of the remedies interchangeably, but the use of either as should be appropriate to the case; and, construing the amendment in connection with the other provisions of the act, it cannot be held to confer jurisdiction upon a circuit court of appeals to review a criminal case by appeal.

Appeal from the Circuit Court of the United States for the Middle District of Alabama.

John G. Winter and Francis G. Caffey, for appellant.

W. S. Reese, Jr., U. S. Atty. (J. Sternfeld, Asst. U. S. Atty., on the brief).

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This case is submitted on a motion to dismiss the appeal. Ben de Lemos was indicted and convicted in the court below for violation of the pension laws of the United States, and he was sentenced to imprisonment in the Ohio penitentiary for five years. On the day he was convicted the circuit court made an order suspending execution of the sentence pending the appeal. The order provided for the suspension of the sentence "pending appeal on writ of error to the circuit court of appeals, on defendant's executing a bond in the sum of $1,500, as required by law and the rules of the court." On the same day a bond was given, and approved by the judge presiding in the circuit court, which recited that "Ben de Lemos has prayed for and taken an appeal to the United States circuit court of appeals of the Fifth circuit to reverse the judgment and sentence in the aforesaid suit." There was no formal petition for, nor order allowing, an appeal, but it is claimed by the appellant that the approval of the appeal bond is sufficient to perfect the appeal. Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989. Whether the bond given was sufficient to bring the case within this rule is immaterial, and will not be considered. The issuance and service of citation of appeal were waived by the United States. The defendant was allowed 90 days in which to file a bill of exceptions, and it was duly filed. The record, duly certified by the clerk, was filed in this court on May 12, 1900. No writ of error appears in the record. None was ever issued or prayed for in the case. The appellant claims that this court has jurisdiction of the case by appeal. The United States moves to dismiss the case because it could only be brought to this court by writ of error.

The writ of error and the appeal are the two principal methods known to English jurisprudence and to the jurisprudence of the federal courts by which cases may be removed from an inferior to an appellate court for review. There are other exceptional modes of review, not material to this case. The appeal is the only method by which a decree in chancery or in admiralty can be brought from a district court or circuit court to the supreme court or to this court

for review. The appeal brings up the whole case for re-examination on the merits as to both law and facts, and for decision as though no decree had ever been rendered. A writ of error was the appropriate remedy at common law, by which a party aggrieved by the judgment of an inferior court could remove the judgment for examination into a superior tribunal having jurisdiction to revise it. The writ was defined in Cohens v. Virginia, 6 Wheat. 409, 5 L. Ed. 292, as "a commission by which the judges of one court are authorized to examine a record upon which a judgment was given in another court, and on such examination to affirm or reverse the same according to law." Cases brought up for review on writ of error, unlike cases brought up by appeal, are not open for re-examination on their whole merits, but every controverted question of fact is excluded from consideration, and the appellate court is confined to reviewing rulings of the inferior court on questions of law. This distinction in federal appellate procedure is fundamental, and has existed for more than a century. The distinction in the two modes of review is preserved, not in name, but in principle, by the constitution, for the seventh amendment provides that "no fact tried by a jury shall be otherwise examined in any court of the United States than according to the rules of the common law." This distinction between the uses of the writ of error and the appeal is settled by a long line of decisions of the supreme court and of the several United States courts of appeals. A few of them may be cited: Sarchet v. U. S., 12 Pet. 143, 9 L. Ed. 1033; Bondurant v. Watson, 103 U. S. 278, 26 L. Ed. 447; Nelson v. Huidekoper, 66 Fed. 616, 13 C. C. A. 658; Nelson v. Lowndes County, 93 Fed. 538, 35 C. C. A. 419; Stevens v. Clark, 62 Fed. 321, 10 C. C. A. 379. The learned counsel for the appellant do not controvert this distinction as applicable usually in appellate federal procedure. Their contention is that an appeal is allowed in the case at bar by a proper construction of the statute of January 20, 1897 (29 Stat. 492), which is as follows:

"An act to withdraw from the supreme court jurisdiction of criminal cases not capital, and confer the same on the circuit courts of appeals.

"Be it enacted by the senate and house of representatives of the United States of America in congress assembled, that so much of section five of the act entitled 'An act to establish circuit courts of appeals and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes,' approved March third, eighteen hundred and ninety-one, as reads 'in cases of conviction of a capital or otherwise infamous crime,' be amended by striking out the words 'or otherwise infamous,' so that the same will read 'in cases of conviction of a capital crime'; and that appeals or writs of error may be taken from the district courts or circuit courts to the proper circuit court of appeals in cases of conviction of an infamous crime not capital: provided, that no case now pending in the supreme court or in which an appeal or writ of error shall have been taken or sued out before the passage of this act shall be hereby affected, but in all such cases the jurisdiction of the supreme court shall remain, and said supreme court shall proceed therein as if this act had not been passed."

The learned counsel for the appellant rely on the letter of the statute,—that "appeals or writs of error may be taken." It is urged that there is no room for construction, and Coke is quoted, that it is a case "where the words are plain, without scruple, and absolute,

without any saving." The contention is that the amendment confers on a defendant convicted of an infamous crime the right to review the judgment of the circuit court, at his option, either by appeal or writ of error. The use of the word "or," counsel contend, makes it clear that congress intended that the appellate jurisdiction might be invoked by either appeal or writ of error at the option of the defendant. If such was the intention of congress, it would be the duty of the courts, so far as they could, to give effect to such intention; but we should not conclude hastily that the congress intended to abolish a distinction in federal procedure that has been so carefully and so long preserved in previous legislation and in the adjudications of the federal courts. The act in question is one of several acts conferring appellate jurisdiction on the circuit court of appeals, and it must be construed in connection with the others. The act of March 3, 1891, which established the circuit court of appeals, made a division of appellate jurisdiction between those courts and the supreme court. Section 5 designated several classes of cases in which "appeals or writs of error" may be taken from the district or circuit courts direct to the supreme court. The third class named was, "In cases of the conviction of a capital or otherwise infamous crime." Section 6 confers on the circuit court of appeals jurisdiction to review by "appeal or writ of error" the final decisions of the district or circuit courts in all cases other than those provided for in section 5. The act vested in the supreme court appellate jurisdiction of capital and otherwise infamous crimes, and in the circuit court of appeals appellate jurisdiction of the lesser criminal cases,—those not capital or otherwise infamous. Under the federal law a very large number of crimes are infamous, and as the act stood it would have added largely to the number of cases to be decided by the supreme court, many of them not before reviewable in any court, and to some extent it would have defeated the purpose of the act, which was to relieve the supreme court. That was the condition when the act of January 20, 1897, was passed. Its leading purpose was to relieve the supreme court from the burden of deciding criminal cases not capital. The title of the act shows this. It is, "An act to withdraw from the supreme court jurisdiction of criminal cases not capital and confer the same on the circuit courts of appeals." The result was accomplished by striking out of section 5 the words "or otherwise infamous." Before further considering the amendment, we should see how the original act was construed. It will be remembered that section 5, conferring appellate jurisdiction on the supreme court, provided that such jurisdiction should be exercised on "appeals or writs of error." Before the amendment of the act, and while the supreme court had jurisdiction of cases of "infamous crimes," one Bucklin, who had been convicted of perjury, and sentenced to imprisonment at hard labor in the penitentiary, took an appeal from the district court of the United States for the district of Kansas to the supreme court. Mr. Justice Harlan, delivering the opinion of the court, said:

"The appeal must be dismissed. By section 5 of the act of March 3, 1891, c. 517 (26 Stat. 826), 'appeals or writs of error may be taken from the district courts or from the existing circuit courts' of the United States directly to

this court in certain enumerated cases, civil and criminal,—among others, 'in cases of conviction of a capital or otherwise infamous crime.' There was no purpose by that act to abolish the general distinction at common law between an appeal and a writ of error. The final judgment of a court of the United States of the conviction of a capital or otherwise infamous crime is not reviewable here except upon writ of error. Our review of the judgment, when brought here in that form, is confined to questions of law properly presented by a bill of exceptions or arising upon the record." Bucklin v. U. S., 159 U. S. 680, 16 Sup. Ct. 182, 40 L. Ed. 304.

The amendatory act of January 20, 1897, must be construed in connection with the original act of March 3, 1891. We find in several places in the original act the words "appeal or writ of error." They are used, for example, in section 6, in conferring on the supreme court the right to review in certain cases the judgment of the circuit courts of appeals. Although the words "appeal or writ of error" are used disjunctively, the remedies could not be used interchangeably, but the remedy appropriate to the case must be chosen. Section 11 of the act shows the intention of congress to preserve the methods in use:

"And all provisions of law now in force regulating the methods and system of review, through appeals or writs of error, shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the circuit courts of appeals; including all provisions for bonds or other securities to be required and taken on such appeals and writs of error; and any judge of the circuit court of appeals, in respect of cases brought or to be brought to that court, shall have the same powers and duties as to the allowance of appeals or writs of error, and the conditions of such allowance, as now by law belong to the justices or judges in respect of the existing courts of the United States, respectively."

In Chase v. U. S., 155 U. S. 489, 495, 15 Sup. Ct. 174, 39 L. Ed. 284, the court construed an act to provide for the bringing of suits against the government of the United States. 24 Stat. 505. The act in several of its sections used the words "appeal or writ of error," referring to a review by the supreme court of the final decision of the court of claims. Section 9 of the act provided:

"That the plaintiff or the United States, in any suit brought under the provisions of this act, shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that behalf made, and upon the conditions and limitations therein contained. The modes of procedure in claiming and perfecting an appeal or writ of error shall conform in all respects and as near as may be, to the statutes and rules of court governing appeals and writs of error in like causes."

The court said:

"These phrases, clauses, and provisions make it, we think, reasonably clear that congress intended that the final determination of suits brought under this act in a district or circuit court of the United States shall be reviewed here upon writ of error if the case be one at law, and upon appeal if the case is one cognizable in equity or in admiralty under the existing statutes regulating the jurisdiction of those courts."

We are not unmindful of the fact that a literal construction of the words "appeals or writs of error," as used in the amendment of January 20, 1897, would tend to sustain the contention of the appellant. If the word "appeals" had been omitted, or if the phrase used in section 4 of the original act, "appeals by writ of error," had been adopted in the amendment, the apparent difficulty would be re-

moved. If the amendment, however, is not isolated for construction, but is looked at as a part of the act which it amends, the difficulty, we think, disappears. Under the act as amended it is not denied that capital cases can only be reviewed by the supreme court on writ of error. It is conceded and is clear that other criminal cases, not infamous, can be reviewed only by writ of error in the circuit court of appeals. It is scarcely reasonable to suppose that it was the intention of congress to select a certain class of criminal cases, not the gravest nor the slightest, but a middle class, and allow them to be reviewed, at the defendant's option, either by appeal or writ of error, while the writ was alone to be used in both capital cases and minor offenses. It was not, we think, the purpose of the amendment to change the practice as to the mode of review. The same words, "appeals or writs of error," that had been used in the original act, were repeated in the amendment. The act had already been construed as not destroying the distinction between the two methods of review. The provision in the amendment "that no case now pending in the supreme court or in which an appeal or writ of error shall have been taken or sued out before the passage of this act, shall be hereby affected," shows that the word "appeals," if it is to be applied to criminal cases, means appeals by writ of error; for the supreme court had already decided on November 18, 1895, that appeal to the supreme court under the original act would not lie in a criminal case. Bucklin v. U. S., 159 U. S. 680, 681, 16 Sup. Ct. 182, 40 L. Ed. 304.

We think that a proper construction of the act as amended does not allow an appeal to this court from a judgment of the circuit court convicting a defendant of an infamous crime. This court can only review such judgment by writ of error. It has no jurisdiction of the appeal in this case, and the motion to dismiss must be granted. Dismissed.