United States v. Sena.

[No. 1045.   September 13, 1904.]

# UNITED STATES of AMERICA, Appellee, v. MARI-ANO F. SENA, Appellant.

## SYLLABUS.

1.   Appeals in criminal cases must be applied for during the term of court at which final judgment is rendered.

2.   An appeal taken more than thirty days before a regular term of the Supreme Court is returnable at the ensuing term.

3.   The trial judge has no authority to sign a bill of exceptions nor to extend the time for settling the same, after ten days before a regular term of the Supreme Court, in a case appealed more than thirty days before such term, except in cases where the time has been extended prior to ten days before the term at which the case is returnable.

4.   Chapter 99, Session Laws, 1901, did not extend the time in which to have a bill of exceptions settled and signed.

5.   The repeal of chapter 99, Session Laws 1901, took from the Supreme Court all jurisdiction to hear and determine appeals in criminal cases, not applied for during the term at which final judgment was rendered.

6.   An appeal in a criminal case returnable at the January, 1903, term of the Supreme Court, docketed and dismissed by appellant, and a second appeal allowed on the same day.  *Held*: that the Supreme Court had no jurisdiction to hear and determine such appeal after the repeal of chapter 99, Session Laws 1901.

Appeal from the district court of the First Judicial District before JOHN R. McFIE, Associate Judge.   Appeal dismissed.

JOHN H. KNAEBEL of counsel for appellant.

This appeal was duly taken January 5, 1903, within one year from the date of the final judgment of the district court.

Laws of N. M. of 1901, ch. 99.

Not being taken thirty days before the first day of January term, 1903, the appeal was returnable at January term, 1904.

Comp. Laws 1897, sec. 3140; Sec. 896, C. L. 1897; Blyen v. U. S., 13 Wall. 595; Eng. and Am. Ency. (2 Ed.), 750, case and notes; Gurnee v. Patrick Co., 137 U. S. 141; Railroad v. Grant, 98 U. S. 398, 401, 402; Green v. Bush, 72 Fed. 299; 79 Fed. 349.

The indictment as to the alleged forgeries was much too narrow to justify the broad scope of the proofs and the charge.

Sec. 5421, U. S. Rev. Stat.; Bishop on Statutory Crimes, secs. 244, 383; People v. General Session, 13 Hun. 394, at 400, 401; Reg. v. Garrett, 1 Deans C. C. 232; Russell on Crimes, 618, note B; Roscoe's Crim. Ev. (7 Ed.), 473; State v. Lewis, 26 Kan. 123, 129, 130; Kennedy v. State, 34 Ohio St. 310-315; 11 Neb. 313; 53 Kas. 324, 327; 108 N. C. 432.

It is competent to prove a system of fraud by showing the concoction by the accused of other instruments analogous of those in the indictment.

Crandall v. White, 164 Mass. 54; Forole v. Child, 164 Mass. 210; Bollomley v. U. S., 1 Story 1350.

Acts connected with the act in question are frequently receivable to prove psycological facts, such as intent.

K. v. Weeks, 1 Leigh, etc., 18; R. v. Wylie, 2 Leach 983; R. v. Garner, 3 F. & F. 681; R. v. Geering, 18 L. J. Mc 218; R. v. Frances, L. Rep. 2 C. C. 128-131; Commonwealth v. Robinson, 146 Mass. 571-577; Wiggin v. Day, 9 Gray 97; Lynde v. McGregor, 13 Allen 172; Jordan v. Osgood, 109 Mass. 457; Haskins v. Warren, 115 Mass. 514; Horton v. Weiner, 124 Mass. 92; Com. v. White, 145 Mass. 392.

But such evidence was not admissible to prove that the bills in issue were forged.

Costelo v. Crowell, 139 Mass. 588.

Other cases constituting exceptions to the general rule.

Com. v. Stone, 14 Met. 43; Com. v. Bigelow, 8 Met. 235.

And for the purpose of showing guilty knowledge.

Regina v. Francis, L. R., 2 C. C. 128; Regina v. Roebuck, Dearsly & Bell 24.

And to show criminal intent.

Rex v. Ellis, 6 B. & C. 145; Com. v. Tuckerman, 10 Gray 173; Com. v. Shepard, 1 Allen 575; Regina v. Richardson, 2 F. & F. 343; Com. v. Eastman, 1 Cush. 189; Rex v. Roberts, 1 Camp. 399; Com. v. Bradford, 126 Mass. 42; Com. v. Abbott, 130 Mass. 472; Com. v. McCarty, 119 Mass. 354; Com. v. Merriam, 14 Peck 518; State v. Wallace, 9 N. H. 515; Thayer v. Thayer, 101 Mass. 111; Regina v. Oddy, 5 Cox C. C. 210; Barton v. State, 18 Ohio 221; Com. v. Wilson, 2 Cush. 590; State v. La Page, 57 N. H. 245; Regina v. Holt, 8 Cox. C. C. 411.

Evidence of other forgeries is inadmissible.

People v. Corbin, 56 N. Y. 363; Coleman v. The People, 55 N. Y. 81.

In an indictment for forgery, the forgery charged must be proven directly.

People v. Corbin, supra; 2 Bishop, Crim. Proc., sec. 428, and vol. 1, sec. 1124.

Not so in charging an uttering as a crime.

Com. v. Jackson, 132 Mass. 18; 1 Bishop, Crim. Proc., secs. 1120, 1124, 1126; and see Cross v. N. C., 132 U. S. 131 and 138.

As to the expert testimony.

Withaup v. U. S. Circuit Court of Appeals (8th Circuit), Dec. 29, 1903.

W. B. CHILDERS, United States Attorney, and W. C. REID, Assistant United States Attorney, for appellee.

The only statute fixing the time within which appeals in criminal cases, must be taken is section 3406, Compiled Laws 1897.

Ex parte McCardle, 7 Wallace, and Railroad Co. v. Grant, 98 U. S.; United States v. Haynes, 9 N. M. 519; Territory v. Hall, 67 Pac. 732; Ferris v. Higley, 20 Wall. 375; Hornbuckle v. Tombs, 18 Wall. 648; Bent v. Thompson, 138 U. S. 114; Greeley v. Winson, 1 S. D. 618-631; U. S. v. Boisdore's Heirs, 8 How. 113; McNulty v. Batty, 10 How. 72; Norris v. Crocker, 13 How. 429; Insurance Co. v. Ritchie, 5 Wall. 541; The Assessors v. Osbornes, 9 Wall. 567; U. S. v. Tyneu, 11 Wall. 88; De Lernas v. U. S., 107 Fed. Rep. 121.

The indictment charged everything necessary to constitute a crime.

Bishop's Directions and Forms, sec. 458; Bishop's Criminal Procedure, sec. 419; Com. v. Butterick, 100 Mass. 12-18; People v. Clements, 26 N. Y. 193; United States v. Bejando, 1 Wood 294; Gentry v. State, 6 Ga. 503; United States v. Staats, 8 Howard 41; United States v. Reese, 4 Sawyer 629; United States v. Albert, 45 Fed. Rep. 552; United States v. Kissell, 62 Fed. 59; United States v. Hansie, 79 Fed. 303; United States v. Moore, 60 Fed. 738.

As to other indictments in similar cases.

Stockladger v. United States, 116 Fed. 569; United States v. Neal, 118 Fed. 706.

It is not necessary that the indictment should allege the person whom the accused intended to defraud in cases of this character.

United States v. Jolly, 35 Fed. 497; United

States v. Bejano, 1 Woods 294; Federal Cases No. 14461, vol. 24.

It is immaterial whether the money to be obtained from the United States was to be obtained directly or indirectly, provided it was the purpose of the defendant to unlawfully procure the same.

United States v. Lawrence, 13 Blatch. 211; United States v. Hartman, 65 Fed. 490.

The instructions must be looked at as a whole, and their bearing upon all the evidence introduced in the case considered.

United States v. Densmore, 75 Pac. 31; Territory v. Garcia, 75 Pac. 34.

As to evidence of other forgeries, and similar acts on the part of defendant.

Wharton's Criminal Evidence, secs. 30 to 40, 45.

Where several crimes are intermixed or blended with each other or connected so that they form an indivisible criminal transaction.

Underhill on Criminal Evidence, sec. 38.

On forgery and uttering forged instruments where intent and motive are in issue.

62 L. R. A. No. 2 (pamphlet), pp. 247 to 257; 1 Starkie on Evidence, p. 64; 2 Starkie on Evidence, 220; 1 Phillips on Evidence (Cowen), pp. 179 and 180; 2 Phillips on Evidence, p. 452; King v. Wiley, 4 Bof. and Pul. 92.

The same doctrine was affirmed and acted on by this court.

United States v. Wood, 16 Peters 360; Castle v. Bullard, 23 Howard 172; United States v. Snyder, 14 Fed. 554; Claflin v. Lincoln, 7 Wallace 132; Insurance Company v. Armstrong, 117 U. S. 591; Penn. Mutual Life Ins. Co. v. Mechanics Savings Bank, 72 Fed. 432; Mudsell Mining Co. v. Watrons, 61 Fed.

180; Black v. Assurance Society, 4 C. P. Division 94; Mason v. State, 42 Ala. 532; Lankford v. State, 33 Fla. 241; Steel v. People, 45 Ill. 132; State v. Folwell, 14 Kas. 88; Underhill, Crim. Ev., secs. 422, 423, 442; State v. Myers, 82 Mo. 558; State v. Cooper, 85 Mo. 256; State v. Bayne, 88 Mo. 604; State v. Balk, 136 Mo. 103; Raynes v. Christian, 30 Mo. App. 198; State v. Wentworth, 37 N. H. 212; Trogden v. Commonwealth, 31 Gratton 862; Wharton's Criminal Law, sec. 649; State v. Kelley, 65 Vt. 63.

It is every day practice to admit proof of this character to show intent on the trial of persons charged with counterfeiting.

Spurr v. United States, 87 Fed. Rep. 710; Com. v. Hall, 21 Pick. 515; Com. v. White, 145 Mass. 392; Allis v. United States, 155 U. S. 17; Clune v. United States, 159 U. S. 590; Alexander v. United States, 138 U. S. 353; 62 L. R. A. No. 2 (pamphlet), p. 224; Holmes v. Goldsmith, 150 U. S. 57; People v. Bedleman, 104 Cal. 608; State v. Kelley, 65 Vt. 532; Lindsey v. State, 38 Ohio State 512; Guthrie v. State, 16 Neb. 668; Territory v. Myer, 24 Pac. 183; Underhill on Criminal Evidence, sec. 88; Wharton on Criminal Evidence, sec. 30; 1 Bishop on Criminal Procedure, sec. 1125.

Unless papers and documents are included in the bill of exceptions before it is signed by the judge, they cannot be considered.

Dunlap v. Monroe, 7 Cranch 242; 1 Roses Notes, 512; Lewis v. Baca, 5 N. M. 294; Leftwitch v. Lecann, 4 Wall. 187; Tuscoloom v. Logan, 50 Ala. 503; Parsons v. Woolward, 73 Ala. 348; Hatch v. Potter, 7 Ill. 725; 4 Am. Dec. 88; France v. Bank, 3 Wyo. 187; 18 Pac.

748; Byrne v. Clark, 31 Ill. App. 651; Niagara Fire Ins. Co. v. De Groff, 12 Mich. 10.

As to the admissibility of false and contradictory statements.

People v. McKenney, 10 Mich. 97.

As to expert testimony.

Jones on Evidence, secs. 564, 565; Holmes v. Goldsmith, 147 U. S. 150; Sire v. Echlhaire Air Brake Co., 137 U. S. 557; 3 Cyc. Law and Proc., p. 303; 62 L. R. A. No. 2 (pamphlet), p. 357.

Authorities cited by appellee on motion to strike bill of exceptions from files and dismiss appeal.

3 Cyclopedia of L. and P., pp. 37, 38; Michigan Ins. Bank v. Eldred, 143 U. S. 293; Evans Bros. v. Baggs, 4 N. M. 67; United States v. Haynes, 9 N. M. 519; Thompson on Trials, sec. 2812; 102 Fed. 590; Nelson v. United States, 30 Fed. 113; State v. Chastain, 104 N. C. 900; 10 S. E. 519-520; U. S. v. Curry, 6 How. 606; Morgan's Louisiana, etc., Co. v. Texas Central Ry. Co., 32 Fed. 525; Generes v. Bonnemer, 7 Wall. 464; Avendano v. Gray, 8 Wall. 317; Ray v. Hixon, 62 N. W. 922; Evans v. Ins. Co., 54 Wis. 522; Sutherland on Statutory Construction, secs. 165-163; Sedgwick on the Con. of Statutes and Com. Law, 109-111; Endlich on Interpretation of Statutes, secs. 478-480; Ex parte McCardle, 7 Wall. 514; United States v. Boisdore's Heirs, 8 How. 113; McNulty v. Batty, 10 How. 72; Norris v. Crocker, 13 How. 429; Ins. Co. v. Richie, 5 Wall. 541; 6 Roses' Notes, 1024; Manley v. Olney, 32 Fed. 708; Campbell v. Iron-Silver Min. Co., 83 Fed. 645.

United States v. Sena.

### STATEMENT OF THE CASE.

Mariano F. Sena was tried, convicted and sentenced in the United States District Court, sitting at Santa Fe, at the September, 1902, term of said court; sentence was pronounced, appeal prayed for and allowed, and appellant released on bond. The appeal was docketed in this court on the fifth day of January, 1903; on the same day the appeal was dismissed, and on the same day an appeal was prayed for and allowed by the district court in which the cause was tried. The second appeal was docketed in this court on December 26, 1903. The bill of exceptions was settled by his honor, John R. McFie, before whom the case was tried December 24, 1903, over the objection of the United States district attorney. On the first day of January, 1904, term of the Supreme Court, the appellee filed a motion to strike out the bill of exceptions and to dismiss the appeal.

### OPINION OF THE COURT.

BAKER, J.—Had the district judge authority to sign the bill of exceptions in this case? Section 10 of the organic act provides: "Writs of error, bills of exceptions and appeals shall be allowed in all cases, from the final decision of said district court to the Supreme Court, under such regulations as may be provided by law." The Territory has provided for appeals in criminal cases as follows: Sec. 3406, Compiled Laws 1897: "In all cases of final judgment, rendered upon any indictment, an appeal to the supreme court shall be allowed, if applied for during the term at which said judgment is rendered." This section is section 23 of "Practice of Law in Criminal Cases" of the Kearny Code, section 23, chapter 57 of the Compiled Laws of New Mexico, of 1865, and section 2469 of the Compiled Laws of New Mexico of 1884. This section has been preserved without change, except that in the Kearny

Code and Compiled Laws of 1865, the name "Superior Court" was used instead of "Supreme Court."

Section 3136 of the Compiled Laws of 1897, provides as follows: "Appeals in equity cases and writs of error in common-law cases may be taken at any time within one year from the date of the rendition of final decrees or judgments, and no affidavit shall be required as a condition precedent to the granting of such appeals or writs of error. Appeals shall be allowed upon application to the district court in which the decree appealed from was rendered, and unless such application and allowance are made in open court and at the same term at which the decree was rendered, the clerk shall issue citation to the opposite party to appear in the Supreme Court to answer such appeal. There shall be no stay of execution in any equity case, unless the appellant or some person for him, shall within ninety days after the decree appealed from becomes final, give bond in a sum to be fixed by the district court or the judge thereof, with sufficient sureties to be approved by the court or judge, to the adverse party, conditioned that the appellant shall prosecute his appeal with due diligence in the Supreme Court, and that, if the decree appealed from be affirmed, or the appeal dismissed, he will perform the decree of the district court, and pay all damages and costs adjudged against him in the Supreme Court on such appeal, which bond shall be filed with the clerk of the district court and shall become a part of the record: or unless the appellant, his executor or administrator, county or other municipal corporation, and the decree is against him as such, in which case the taking of appeal shall operate to stay the execution of the decree. Upon writs of error, supersedeas or stay of execution may be obtained, as provided in section three thousand one hundred and forty-four. Appeals may also be taken in the manner above provided in equity cases from such interlocutory judgment or decree in action for partition as determines the

rights and interests of the respective parties, and directs partition to be made." It will be observed that this section provides "upon writs of error, supersedeas or stay of execution may be obtained, as provided in section three thousand one hundred and forty-four." Section 3144 is as follows: "The clerk of the Supreme Court shall issue a writ of error to bring into the Supreme Court any cause finally adjudged or determined in any of the district courts, upon a precipe therefor, filed in his office by any of the parties to such cause, his attorney or solicitor, at any time within one year from the date of such judgment or determination, and giving security for costs therein to the satisfaction of the clerk. *But there shall be no supersedeas or stay of execution upon such judgment or determination, unless the party applying for such writ of error, or some responsible person for him, shall, within three months from the date of such judgment or determination execute a bond to the adverse party in double the amount of the judgment complained of, with sufficient sureties to be approved by such clerk, conditioned for the payment of such judgment and all costs that may be adjudged, in case of such writ of error shall be dismissed or the judgment or determination of the district court affirmed."*

It is only necessary to mention the fact that section 3136 supra, does not apply to criminal cases; and in fact if it were applicable to criminal cases, it is not applicable to the case at bar, for the reason that it gives a year in which to take appeals in equity cases, *and a year within which to sue out a writ of error, in common law cases.* The case at bar is an appeal. The distinction between an appeal and a writ of error is very clearly set out in De Lemos v. United States, 107 Fed. 121. In that case the court says: "Cases brought up for review on writ of error, unlike cases brought up by appeal, are not open for re-examination on their whole merit, but every controverted question of fact is excluded from consideration, and the appellate court is confined to reviewing

rulings of the inferior court on questions of law." This case is an appeal, pure and simple. Appellant's brief, page 8 under ."point 1" reads as follows: "1. The present appeal was duly taken, January 5, 1903, within one year from the date of the final judgment of the district court."

When an appeal was taken prior to the enactment of chapter 99 of the Session Laws of 1901, it was governed by section 3140, Compiled Laws 1897, which was section 13, "Courts and Judicial Powers," Kerney Code, section 2189, Compiled Laws 1884, section 3140, supra, has been construed by this court in Haynes, et al v. United States, 9 N. M. 523. It was held in Territory v. Hicks, 6 N. M. 596, that this section was not applicable to criminal cases, but in Haynes v. United States, supra, this court overruled the case of Territory v. Hicks. In constructing section 3140, this court in Haynes v. United States, said: "It will be observed that the motion granting the appeal was allowed on the ninth day of March, 1898, which was more than four months before the convening of the Supreme Court to which the appeal was taken, and according to the section above quoted, the appellants had to file in the office of the clerk of the Supreme Court at least ten days before the first day of such court to which the appeal was returnable, a perfect transcript of the record and proceedings in the case (i. e., in this case, ten days before July 25, 1898)." In other words, the Supreme Court in construing said section 3140 construed it literally, that all appeals taken thirty days before the first day of the next term of the Supreme Court shall be tried at that term; and from this position there was no alternative.

Chapter 99, Session Laws 1901, provides as follows: "Section 1. In all cases finally determined in any of the district courts of this Territory, and, an appeal or writ of error has been or may be sued out or taken to review said cause in the Supreme Court of the Terri-

tory, the appellant or plaintiff in error, shall have the right to docket such appeal or writ of error at any time before a motion by appellee or defendant in error to docket and affirm judgment. When such cause shall be docketed by the appellant or plaintiff in erorr, the record may be perfected within. thirty days thereafter, or, the said appeal or writ of error may be dismissed by such appellant or plaintiff in error filing with the clerk of the Supreme Court a written dismiṡsal, and thereafter at any time such appellant or plaintiff in error may take a new appeal, or sue out a writ of error anew in said cause, provided the same be so taken or sued out within one year from the date of the judgment sought to be reviewed, became final.

"Sec. 2. This act shall be in force and effect from and after its passage."

Were it not for the enactment of said chapter 99, it goes without saying that when the appellant in this case on the fifth day of January, 1903, dismissed his appeal he would have no further standing in this court. By virtue of said chapter 99 appellant sued out a second appeal on the fifth day of January, 1903.

Chapter 26 of the Session Laws of 1903, reads as follows:

CHAPTER 26.

"An act to repeal section 1 of chapter 82 and chapter 99 Session Laws 1901. C. B. No. 15; approved March 10, 1903:

"Sec. 1. That section 1 of chapter 82 Session Laws of New Mexico, appoved March 21, 1901, and chapter 99, of the same laws, approved on the same day, being acts in regard to appeals and writs of error, and concerning practice in the supreme court being the same, are hereby repealed in all their parts and provisions.

"Sec. 2. This act shall take effect and be in force from and after its passage."

It will be observed that this was a sweeping repeal of said chapter 99, with no reservations. This appeal must stand or fall under said chapter 99. What effect had the repeal on said chapter 99?

First answering the question as to whether the district judge had power to sign the bill of exceptions in this case? Section 896 of Compiled Laws 1897, provides: "The judge shall settle and sign bills of exceptions at least ten days before the term of the Supreme Court in which said cause shall be first docketed." This cause was heard at the September, 1902, term of the district court, and more than thirty days before the January, 1903, term of the Supreme Court. Under section 3406, supra, as construed by the Supreme Court in Haynes v. United States, this case was returnable and triable at said January, 1903, term of this court. For the purpose of fixing the time at which a bill of exceptions must be settled and signed by the trial judge, section 896 fixes it "at least ten days before the term of the Supreme Court in which said cause shall be first docketed." The date could be no more explicitly specified by stating a day, month and year than the statute has done by providing that "the judge shall settle and sign the exceptions at least ten days before the term of the Supreme Court in which said cause shall be first docketed." Certainly an appeal and a bill of exceptions are separate and distinct. An appeal may be taken as well without as with a bill of exceptions. Section 2198 of the Compiled Laws of 1884, is as follows: "Bills of exception must be settled and signed within thirty days after the judgment is entered unless the court or judge shall enlarge the time." Did section 2198, supra, any more explicitly fix the time of the settling and signing of a bill of exceptions by making it thirty days after the judgment was entered, than does section 896, Compiled Laws 1897, when it provides that "it shall be at least ten days before the term of the Supreme Court in which the cause shall be first docketed, section 3140, supra,

providing that if the appeal is taken more than thirty days before the next term of the Supreme Court that it shall be tried at that term? In other words, making it returnable at the first term of the Supreme Court after the appeal is taken, provided the appeal is taken more than thirty days before that term. The fixing of the time for the settling and signing of the bill of exceptions at least ten days before the term of the Supreme Court in which said cause shall be first docketed has reference only to and fixes the specific time in which the judge of the district court has power and authority to settle and sign a bill of exceptions. The fact that the Legislature in 1901 authorized the dismissing of an appeal by the appellant, and giving him authority to take a new appeal, does in no way affect the time in which the bill of exceptions shall be settled and signed by the trial judge."

In Territory v. Hall, 67 Pac. 732, in an opinion by the court, it would seem that this question is entirely and fully settled. In this case the appeal was taken more than thirty days before the January, 1902, term of the Supreme Court, The bill of exceptions was signed less than ten days before said term of court. The court uses this language: "This court has held that a motion to strike out the bill of exceptions under an appeal taken in a criminal case when said bill was signed and settled by the trial judge at a day later than that allowed, by the statute, to-wit, ten days before the return term, it will be sustained. The statute is mandatory and the judge exceeds his authority in such case in settling the bill at such time. Haynes v. United States, 9 N. M. 519, 56 Pac. 286. It would seem that this decision which settles the law and practice so far as this Territory is concerned, is controlling in this particular case, so far as the settling and signing of the bill of exceptions is concerned. . . . Unless the appellant is protected by the provisions of chapter 99 of the Laws of 1901, the appeal herein should be dismissed and

the judgment and sentence of the court below affirmed. . . . The question arises as to whether this provision providing that the record may be perfected within thirty days thereafter changes in any way the practice relative to preparing, settling and signing a proper bill of exceptions. We are of the opinion that it is not so intended. If the party desires to prepare and file a bill of exceptions so that it may become a part of the record he must pursue the well-defined practice in that behalf. The law of 1901 does not undertake in any manner to change the practice relative to the preparation, settling and signing of a bill of exceptions, and we must regard the practice as it existed previous to the enactment of chapter 99 of the Laws of 1901 to still prevail with reference to bills of exceptions. . . . To hold otherwise, would be to recognize chapter 99 of the Laws of 1901 as an amendment to the practice act, and would operate as a repeal of many well-defined and well-understood satutes, which have been construed by the court, touching the practice relating to the preparation, settling, and signing of bills of exceptions, and the preparation of the record on appeal. . . . At the time the district judge signed the bill of exceptions in this proceeding, the limitation of time within which it could be done had expired and the judge was without jurisdiction and had neither the power at that time to sign the bill of exceptions nor to extend the time within which the same could be signed. . . . The method of procedure with reference to the preparation and signing of the bill of exceptions, is well defined and has been frequently passed upon by this court, so that it cannot be regarded as presenting a novel question in procedure. See Evans v. Baggs, 4 N. M. (Gild.), 13 Pac. 207; Gonzales v. Railroad, 3 N. M. (Gild.) 515, 9 Pac. 247; Haynes v. United States, 9 N. M. (56 Pac.) 282; Martin v. Railroad, 7 N. M. 161, 34 Pac. 536." This case is interesting because it discusses the whole situation and bearing of the said chapter 99, and in fact the court there

questions whether that act has any application whatever
to criminal cases, and among other things said "We can-
not assume that the Legislature intended by the lan-
guage used to allow a delay of at least a year in criminal
prosecutions and thus entail upon the public the expense
incident thereto. If such were the intention it should
have been expressed in some direct and specific lan-
guage."

All that said chapter 99 did in effect, was to extend
the time in which an appeal should be perfected. It in
nowise repealed or interfered with section 3140 and
in fact required everything in section 3140 to be
done, but permitted the party to delay proceedings
by withdrawing his appeal, and allowing him to renew
it again any time within one year from the rendition of
final judgment. There seems to be an erroneous idea
with some members of the bar, that a defendant in a
criminal case has one year in which to take an appeal.
The statutes hereinbefore referred to and quoted are the
only statutes regulating an appeal upon the part of a de-
fendant in a criminal case. It is required in a criminal
case, that the defendant apply for his appeal, if he wants
one, at the term in which the final judgment is ren-
dered, and if such final judgment is more than thirty
days before the next regular term of the Supreme Court,
then he must get into that term of the court. True, said
chapter 99 relieved him of his trial at that term of court
by allowing him to dismiss his appeal and sue out
another appeal within one year from the date of the ren-
dition of the judgment, if indeed, said chapter 99 is ap-
plicable to criminal cases. Territory v. Hall, supra.

For the reasons given the motion to strike the bill
of exceptions should be sustained.

We will now consider that part of the motion which
asks the court to dismiss the appeal.

The repeal of chapter 99 by the Legislature on the
tenth day of March, 1903, left the appellant with his ap-
peal right where it was on that date. Such repeal

6     took from the Supreme Court the power and juris-
      diction that said chapter 99 conferred.   The or-
ganic act hereinbefore referred to provides "that ap-
peals and writs of error shall be allowed under such
rules and regulations as may be fixed by law."   In Ex
parte McCradle, 74 U. S. 506 it is said:   "The Constitu-
tion of the United States provides: 'The Supreme Court
of the United States shall have appellate jurisdiction,
both as to law and fact, with such exceptions and under
such regulations as the Congress shall make.' Congress
on the fifth day of February, 1867, by an act to amend
an act to establish the judicial courts of the United
States, approved September 24, 1789, provided that the
several courts of the United States and the several jus-
tices and judges of such courts within their respective
jurisdiction, in addition to the authority already con-
ferred by law should have power to grant writs of hab-
eas corpus in all cases where any person may be re-
strained of his or her liberty in violation of the Consti-
tution or of any treaty or law of the United Staes and
that from the final decision of any judge, justice or court
inferior to the circuit court, appeal might be taken to the
circuit court of the United States for the district in which
the case was heard, and from the judgment of said circuit
court to the Supreme Court of the United States."   While
this statute was in force McCardle sued out a writ of
habeas corpus, alleging that he was unlawfully held by
the military authorities.   Upon hearing, the petitioner
was remanded and an appeal was taken to the Supreme
Court of the United States under the act of Feb. 5, 1867.
The case was argued and submitted to the Supreme
Court, and while the case was under advisement the act
of 1867 was repealed.   The court says:   "We are not at
liberty to inquire into the motives of the Legislature.
We can only examine into its power under the Constitu-
tion, and the power to make exceptions to the appellate
jurisdiction of this court is given by express words.
What then, is the effect of the repealing act upon the

case before us?   We cannot doubt as to this:   Without jurisdiction the court cannot proceed at all in any case. Jurisdiction is power to declare the law, and when it ceases to exist the only function remaining to the court is that of announcing the fact and dismissing the cause, and this is not less clear upon authority than upon principle."

In Railroad v. Grant, 98 U. S. 398, there was a motion to dismiss the appeal in the United States Supreme Court for the reason that the court had no jurisdiction to determine and announce an opinion in the case. This appeal was taken under sections 846, 847 of the Revised Statutes relating to the District of Columbia, which provided that appeals might be taken to the Supreme Court when the matter in dispute was of the value of one thousand dollars and upward.   After the appeal had been taken, and after the case had been argued and submitted to the court, Congress enacted on the twenty-fifth of February, 1879, that "the final judgment or decree of the Supreme Court of the District of Columbia in any case where the matter in dispute exclusive of costs exceeds the value of $2500 may be reversed or affirmed in the Supreme Court of the United States upon writ of error or appeal, in the same manner and under the same regulations as are provided in cases of writs of error on judgments, or appeals from decrees rendered in the circuit court."   This raises squarely the question of the effect of the repeal of the law under which an appeal has been taken and not yet decided by the appellate court.   The court among other things says "It is equally well settled that if a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law.   United States v. Boysdores' Heirs, 8 How. 113; McNulty v. Batty, 10 Id. 72 Norris v. Crocker, 13 Id. 429 ; Insurance Co. v. Richie, 5 Wall. 541; Exparte McCardle, 7 Id. 514; Assessor v. Osurnes, 9 Id. 567; United States v. Tynen, 11 Id. 88."

It will be observed that said chapter 99 of the Session Laws of 1901 was unqualifiedly repealed. The Supreme Court in Railroad v. Grant, supra, in referring to the effect of the repeal of a law, under which appeals have been taken says: "Indeed, so common is it, when a limited repeal only is intended to insert some clause to that express effect in the repealing act that if nothing of the kind is found the presumption is always strong against continuing the old law in force for any purpose." In the same case the court says: "The repeal of that law does not vacate or annul an appeal or a writ already taken out or sued out but it takes away our right to hear and determine the case, if the matter in dispute is less than the present jurisdictional amount. The appeal or writ remains in full force but we dismiss the suit because our jurisdiction is gone." And in conclusion they say: "Without more we conclude that our jurisdiction in the class of cases of which this is one has been taken away, and the writ will accordingly be dismissed." It would seem that this case is conclusive of the question before us. Prior to the enactment of said chapter 99, certainly, in the light of Haynes v. United States, and Territory v. Hall, supra, the dismissal of the appeal by the appellant in this case would be conclusive of his rights under his appeal. His appeal was taken under and by virtue of said chapter 99, and before his appeal was perfected, he only having procured the allowance of an appeal, said chapter 99 was repealed without any reservation. That being the case, in the language of the court in Railroad v. Grant, supra, we may well say that "the repeal of that law does not vacate or annul an appeal or a writ already taken and sued out but it takes away our right to hear and determine the case" and we must dismiss this appeal because our jurisdiction is gone.

The cases cited in the question of the motion to dismiss the appeal are so conclusive and so applicable to this case that we deem it useless to multiply authorities.

The motion to dismiss the appeal must therefore be sustained.

That the appellant may not think that he is convicted or that the judgment of the lower court is sustained on a technicality of the law, we will say that we have examined the errors complained of and are of the opinion that were it not for the sustaining of the motion to strike the bill of the exceptions and dismiss the appeal the judgment of the lower court would have to be affirmed.

For reasons given the appeal is dismissed.

Mills, C. J., concurs; Parker, A. J., on the authority of Territory v. Hall, 67 Pac. 732, in which it was held that the act of 1901 is inapplicable to criminal cases.

Mann, A. J., not having heard the argument, did not participate in this decision.

### DISSENTING OPINION.

POPE, J. (dissenting),—I am unable to concur in the decision of the court dismissing the appeal in this case, and the importance of some of the questions of practice discussed by Mr. Justice Baker, lead me to record my reasons for this dissent.

I concur in the opinion in so far as it holds that appeal in criminal cases must (except as permitted in the act of 1901) be applied for during the term of the court at which final judgment is rendered.   This is distinctly held by this court in Borrego v. Territory, 8 N. M. 461. After that term the sole method of review is by writ of error sued out within one year, as permitted by section 3146 of the Compiled Laws.   The Legislature, however, by the passage of chapter 99 of the Session Laws of 1901 distinctly extended the time for taking appeal by providing that upon the written dismissal of an appeal the appellant might at any time within one year from the date of the judgment sought to be reviewed take out a new appeal. The appellant in this case did that, and having sued out his appeal seasonably under the terms of

the act of 1901, he is entitled to all the benefits following from such appeal.   I am unable to concur in the
view that the repeal of the act of 1901 by the act of
March 10, 1903 (chapter 26 of the Session Laws of
1903.) put an end to the appeal.   At the date of the passage of the repealing act appellant had already taken his
appeal and secured from the act of 1901 all the
benefits which it.could give him.   The repealing act of
1903 simply said that in the future no appeals were to be
taken out as permitted by the act of 1901.   It did not
say that appeals already taken out should be ineffectual.
It did not pretend to be retroactive in character.   The
case at bar is clearly distinguishable from the two decisions of the Supreme Court of the United States cited
by Mr. Justice Baker.   These were cases where, pending
an appeal to the Federal Supreme Court, Congress passed an act taking away from that court jurisdiction to
hear that class of appeals.   There was no reservation
in favor of pending appeals and it was held by the Supreme Court, when the appeals came on for hearing,
that it had no jurisdiction to entertain them and they
were dismissed.   Thus, in the first case (*Ex parte* McCardle, 7 Wall. 506) Congress, pending an appeal from the
circuit court in a habeas corpus case, repealed the act
giving the Supreme Court appellate jurisdiction in that
class of case, and it was held that the appeal must be
dismissed.   So also in.Railroad v. Grant, 98 U. S., where
an appeal was taken from a judgment for $2,250, and
pending the appeal jurisdiction was taken from the
Supreme Court in cases involving less than $2,500, the
appeal was dismissed.   As was said by Mr. Chief
Justice Waite in that case: "The appeal or the
writ remains in full force but we dismiss the suit
because our jurisdiction is gone."   But in the present
case there is no attempt to take away jurisdiction from
this court.   The act of 1901 leaves undisturbed our

power to deal with all criminal appeals; and as this appeal was confessedly sued out regularly, as, under Railroad v. Grant, it "remains in full force" and as the jurisdiction of this court to hear it has not been in the least diminished, I am of the opinion that this court has full power to entertain the appeal.    It has been suggested that the holding of this court in the case of Territory v. Hall, 67 Pac. 732, is fatal to this appeal in that it is there said that the act of 1901 has no application to criminal cases.    I am of opinion, however, that the intimation of the court to that effect in the Hall case was purely *dicta* and was not intended by the court as an adjudication of the question.    But assuming that the Hall case so decided, there is no justification in the statute for the decision.    The act of 1901 in express terms applies to "all cases," which manifestly includes criminal cases.    The motion to dismiss the appeal should be denied.

Coming now to the motion made by the Government to strike out the bill of exceptions, I am of opinion that this is well taken.    The statute (sec.896) provides that the bill of exceptions shall be settled and signed "at least ten days before the term of the Supreme Court in which said cause shall be first docketed."    We must assume that the Legislature advisedly used the word "first."    It was evidently to cover cases where parties having sued out an appeal to one term of the court dismiss the same and secure a writ of error, within the year, returnable to a second term, and it equally applies to the present case where a second appeal is prosecuted. The purpose of this provision was to guard against unnecessary delay in settling bills of exceptions.    The act of 1901 while regulating the time for taking appeals made no enlargement of the time for settling the bill of exceptions.    In this case the cause was first docketed to the January, 1903, term.    The bill of exceptions should thus have been settled ten days before that term.    It was not settled until December 24, 1903, nearly a year later.    The

motion to strike out the bill of exceptions should therefore be sustained.

This leaves only the record proper. An examination of this reveals no error. The judgment of the court below should be affirmed.