## DELTA NAT. BANK et al. v. EASTERBROOK.

### (Circuit Court of Appeals, Fifth Circuit.   December 3, 1904.)

### No. 1,390.

1. BANKRUPTCY—PLENARY ACTION BY TRUSTEE—MODE OF REVIEW.

    The judgment rendered in an action at law brought by a trustee in bankruptcy in a District Court of the United States to recover property, under the jurisdiction conferred by Bankr. Act July 1, 1898, c. 541, § 70e, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3452], as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 417], is reviewable by the Circuit Court of Appeals in the exercise of its general appellate jurisdiction on writ of error, but not by appeal.

Appeal from the District Court of the United States for the Eastern District of Texas, at Paris.

This was an action brought by J. O. Easterbrook, trustee in bankruptcy of the estate of Charles Pratt, bankrupt, against the Delta National Bank and James A. Smith, to recover a certain storehouse situated at Pacio, in Delta county, Tex., formerly owned by said Charles Pratt, and transferred to him by James A. Smith. Charles Pratt conducted a mercantile business at Pacio, and on October 13, 1902, conveyed his storehouse to said Smith for $1,500, and the amount was credited on Pratt's indebtedness to the bank. On April 3d following, the Paris Grocer Company, Abe Goldman & Bro., the H. S. Bettes Hardware Company, the Hutcherson-Elliott Drug Company, and the Holly-Brooks Hardware Company, all of Paris, Tex., filed a petition in bankruptcy against Charles Pratt on his written statement of "his inability to pay his debts and willingness to be adjudged a bankrupt on that ground," and on April 14th he was duly adjudged a bankrupt. The appellee filed his petition in this case on "July 25, 1902," and alleged that he was the trustee of the said estate of Charles Pratt, bankrupt; and that the said storehouse had been attempted to be sold to appellants, and that there had never been any change of possession of the property; and that the bankrupt, with the knowledge of appellants, had attempted to give appellants a preference; and that the transfer of the house was while the said bankrupt was insolvent, and had been kept secret and concealed; and that the pretended transfer was made for the purpose of hindering, delaying, and defrauding creditors, and especially the five petitioning creditors, and that those creditors had no knowledge, actual or constructive, of the sale; and prayed for judgment, for title, and possession. The appellants specially excepted to it (1) because the petition disclosed no authority from the bankrupt court for appellee to bring this suit, (2) because it alleged no fact giving the trial court jurisdiction, (3) and because the petition disclosed the fact that the transaction had taken place more than four months before the filing of the petition in bankruptcy, and therefore this action was barred; and they demurred generally to the petition. The exceptions and demurrer were overruled, and exceptions were reserved. The appellants answered by general denial, and specially pleaded that the storehouse had been bought at its fair valuation, and the amount had been credited on a valid indebtedness and in the due course of business, and four or five hundred dollars of collateral notes had been released, and that the deal was fair and honest, and with no purpose of securing a preference, and that the deal had been made more than four months before bankruptcy. The case was tried by the court without a jury, the same having been waived, and resulted in a judgment for the appellee. The appellants excepted, and sued out this appeal. A motion to dismiss this appeal is here made on the ground that this is an action at law and no appeal lies.

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

J. L. Young, for appellants.

A. P. Park and W. S. Moore, for appellee.

Before PARDEE and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). In the lower court this was an action at law for the specific recovery of personal property, and was a controversy arising in bankruptcy proceedings, of which the lower court had jurisdiction under section 70e, Bankr. Act July 1, 1898, c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3452], as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 417]. From the final judgment rendered in the case no appeal lies under section 25 of said Bankruptcy Act (30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) (In re Whitener, 105 Fed. 180, 44 C. C. A. 434), and, if this court has jurisdiction to review the same, the authority must be found under section 24a (30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]), and in the appellate jurisdiction of the Circuit Courts of Appeals, as granted by the act of 1891, which jurisdiction is not restricted by the bankruptcy law; and therefore decrees in equity and judgments at law, although in controversies arising in bankruptcy proceedings, may be revised by this court. See Loveland on Bankruptcy, p. 790, and the cases there cited.

It is well settled that under our appellate jurisdiction, as conferred by the act of 1891, a decree in equity cannot be reviewed by writ of error, nor a judgment at law by an appeal. Muhlenberg County v. Dyer, 65 Fed. 634, 13 C. C. A. 64; City of Wilmington v. Ricaud, 90 Fed. 213, 32 C. C. A. 578; De Lemos v. United States, 107 Fed. 121, 46 C. C. A. 196; Highland Boy Mining Co. v. Strickley, 116 Fed. 855, 54 C. C. A. 186.

The motion is granted, and the appeal is dismissed.