ROBINSON v. FURBER et al.

Ex parte FURBER.

(Circuit Court, S. D. Texas. August 8, 1911.)

No. 218.

APPEAL AND ERROR (§ 459*)—SUPERSEDEAS—SERVICE OF WRIT OF ERROR AS CONDITION.

Rev. St. § 1007 (U. S. Comp. St. 1901, p. 714), provides that, "in any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court." Held that, in an action at law, in which the judgment is reviewable only by writ of error, unless such writ is issued and served within 60 days, a judge of an appellate court has no power to grant a supersedeas, and that the allowance of an appeal by the trial court will not warrant a grant of supersedeas more than 60 days after judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2218–2221; Dec. Dig. § 459.*]

At Law. Action by C. W. Robinson against W. A. Furber and others. On petition by defendant Furber, for writ of supersedeas. Denied.

Ring & Monteith, for plaintiff.
Gaines & Corbett, for defendant.

SHELBY, Circuit Judge. This is a petition for a writ of supersedeas. The petitioner, W. A. Furber, seeks to supersede a judgment rendered against him by the Circuit Court of the United States for the Southern District of Texas. The petition shows that the judgment was rendered in an action at law for damages for a breach of contract. This fact appears in the recitals of the judgment, which is made an exhibit to the petition. The judgment was rendered March 30, 1911. The petition for supersedeas was sworn to by the petitioner on July 27, 1911, and was presented to a judge of the Circuit Court on July 28, 1911—that is, more than 60 days after the date of the judgment. It appears from the petition that no writ of error was applied for, issued, served or lodged "in the clerk's office where the record remains" within 60 days after the rendition of the judgment. The

case is governed by section 1007 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 714), which is as follows:

"Sec. 1007. In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a supersedeas, executions shall not issue until the expiration of ten days."

A writ of error does not operate as a supersedeas unless it is filed in the clerk's office within the time fixed by the statute. The time is computed from the date of the judgment. The 60 days have expired, no writ of error being issued within the time. It is well settled that, in such case, after the expiration of the 60 days, neither a justice of the Supreme Court, the Circuit Court, nor a judge thereof, nor a judge of the Circuit Court of Appeals has the power to allow a supersedeas. 4 Fed. Stat. Ann. 618 (U. S. Comp. St. 1901, p. 714), and cases there cited.

The petitioner calls attention to the fact that when the judgment was entered against him he gave notice of an appeal. The following recital appears in the judgment:

"To which judgment of the court, the defendant, W. A. Furber, then and there in open court excepted and gave notice of appeal to the United States Circuit Court of Appeals for the Fifth Circuit, at New Orleans, Louisiana, which notice was allowed by the court, and upon application of the defendant, W. A. Furber, 120 days from the date of this judgment is allowed in which to file bills of exceptions and to otherwise prepare said cause for appeal."

The remedy of the defendant—petitioner here—to review the judgment was not by appeal but by writ of error. If he had perfected and taken an appeal it would have conferred no jurisdiction on the appellate court to review the judgment. De Lemos v. United States, 107 Fed. 121, 46 C. C. A. 196, and cases there cited. The statute applies the 60 days' limit to both appeals and writs of error, but the writ must be used or the appeal be taken as required by federal appellate procedure.

Peugh v. Davis, 110 U. S. 227, 4 Sup. Ct. 17, 28 L. Ed. 127, relied on by petitioner, was a case in equity, and it was held that if a court in session allows an appeal which is entered of record without taking bond within 60 days, a justice or judge of the appellate court may, in his discretion, grant a supersedeas after the expiration of the 60 days. There the appeal was the proper remedy and was taken within the 60 days, notice being given by its being taken in open court. In that case, the court, referring to earlier cases, said (110 U. S. 228, 4 Sup. Ct. 18 [28 L. Ed. 127]):

"The rule established by these cases, when accurately stated, is therefore no more than that to give a justice or judge of the appellate court authority to grant a supersedeas after the expiration of the 60 days, a writ of error must have been issued and served, or an appeal allowed within that time."

That is, a writ of error must have been issued and served in cases where a writ of error is applicable, or an appeal taken in cases where appeal is the remedy; and in either case, the limit is 60 days to secure supersedeas. In Peugh v. Davis, the appeal was taken in time—in 60 days—and the justice subsequently allowed bond to be given and granted the supersedeas. In the instant case, a writ of error is the appropriate remedy to review the judgment, and 60 days have elapsed without its issuance and service. Under the circumstances, a judge of an appellate court has no power to grant a supersedeas. The issuance and service of the writ is clearly required by the words of the statute. R. S. U. S. § 1007. Note the words which precede the paragraph:

"Or afterward with the permission of a justice or judge of the appellate court."

The permission to give the security required by law can be granted to him only who, "having served his writ of error as aforesaid"—that is, within the 60 days. It seems to me that I could not grant the supersedeas without coming in conflict with the words of the statute, and with its construction in Kitchen v. Randolph, 93 U. S. 86, 23 L. Ed. 810.

The petition for a supersedeas is denied.