# THE UNITED STATES
*v.*
## JOHN GOODWIN.

———————

1812.

No writ of er-
ror lies to the
Supreme
Court of the
United States,
to reverse the
judgment of a
Circuit Court
in a civil ac-
tion, which has
been carried
up to the Cir-
cuit Court
from the Dis-
trict Court, by
writ of error.

THIS was an action of debt brought originally in the District Court, for the District of Pennsylvania, by the United States, against John Goodwin, for 15,000 dollars, as a penalty for not entering goods agreeably to the prime cost, at the place of exportation, with intent to defraud the revenue. The judgment of the District Court, which was in favor of the United States, was, upon a writ of Error, reversed in the Circuit Court; and thereupon the United States sued out the present writ of Error to this Court.

A doubt having been suggested, whether this Court could take jurisdiction by writ of Error, in a civil action, which had been carried up by *writ of Error,* from the *District Court* to the *Circuit Court,* that question was submitted to this Court without argument.

At a subsequent day, viz: March 10, all the Judges being present.

WASHINGTON, J. delivered the opinion of the Court as follows :

U. STATES
v.
GOODWIN.

This case stands upon a writ of error to the Circuit Court, for the District of Pennsylvania. By the record, it appears, that an action of debt was brought, in the name of the United States, against the Defendant in error, in the District Court of Pennsylvania; in which judgment was rendered for the United States. On a writ of error to the Circuit Court for that District, that judgment was reversed; and upon like process, the cause has been brought into this Court, for re-examination. A rule has been obtained by the Defendant in error, upon the United States, to show cause why the writ of error should not be dismissed; and the ground of the rule is, that, as the cause was not removed from the District into the Circuit Court, by *appeal*, but by writ of error, there is no provision in any of the laws of the United States, giving jurisdiction to this Court, to re-examine the judgment of the Circuit Court, upon a writ of error or otherwise. This question can only be decided by an attentive consideration of the different acts of Congress on this subject.

The 21st section of the judicial law of 1789, declares, that from final decrees in a District Court *in cases of admiralty and maritime jurisdiction*, where the matter in dispute, exclusive of costs, exceeds 300 dollars, *an appeal* shall be allowed to the Circuit Court. The 22d section provides, that final decrees and judgments *in civil actions*, in a District Court, where the matter in dispute exceeds the value of 50 dollars, exclusive of costs, may be re-examined and reversed or affirmed in a Circuit Court, *upon a writ of error*. This section then proceeds to declare, that, upon a like process, (that is to say, upon a writ of error,) may final judgments and decrees *in civil actions and suits in Equity*, in a Circuit Court, brought there by original process, or removed there from the State Courts, *or by appeal from a District Court*, where the value exceeds 2,000 dollars, exclusive of costs, be re-examined and reversed or affirmed in the Supreme Court.

U. STATES  The 2d section of the act of the 3d of March, 1803, so
*v.*  far changes the above sections of the act of 1799, that
GOODWIN.  whereas the latter allows an appeal from the District to
————  the Circuit Court, only in admiralty and maritime cases,
where the value in dispute, exclusive of costs, exceeds
300 dollars, the former provides, *an appeal from all final
judgments or decrees in a District Court,* where the matter
in dispute, exclusive of costs, exceeds 50 dollars,
and also an *appeal* to the Supreme Court, from all final *decrees and judgments* in a Circuit Court, in cases of Equity, of Admiralty and Maritime jurisdiction, and of prize
or no prize, where the value, exclusive of costs, exceeds
2,000 dollars. But this law makes no provision for the
appellate jurisdiction of the Supreme Court in any other
cases than those above mentioned. Consequently, we
must refer to the sections of the act of 1789, before noticed, (which are still in force, except so far as they are
inconsistent with the provisions of the act of 1803,) to
see in what cases, other than those provided for by
the act of 1803, the Supreme Court can review the decisions of the Circuit Courts. It has been shown, that
all final judgments or decrees in civil actions and suits
in equity, in a Circuit Court, brought there by *original
process,* or removed from the *State Courts,* or *by appeal*
from a District Court, may be re-examined in the Supreme Court, upon a writ of error. But no case can,
under this act, be removed from a District Court by *appeal,* except it be of admiralty and maritime jurisdiction ; and, consequently, under the literal construction
of this law, no other cases could be carried from the
Circuit Court to the Supreme Court. The question
then, is, whether the word *appeal,* in the 22d section, is
to be understood technically, or merely as descriptive
of the appellate jurisdiction of the Superior Court,
without regard to the particular mode by which a cause
is transmitted to that jurisdiction? This question appears to have been considered by the Supreme Court
so early as the year 1796, in the case of *Wiscart v.
Dauchy.* Chief Justice Ellsworth, in delivering the
opinion of the Court in that case, expresses himself, as
follows :—" The act of 1789, speaks of appeal and writ
of error, but does not confound them. They are to be understood according to their ordinary acceptation. An
appeal is a civil law process, and removes a cause entirely, subjecting the law and fact, to a review and re-

·trial. A writ of error is a common law process, and removes for re-examination, nothing but the law. This statute observes this distinction. In admiralty and maritime causes, an appeal is allowed from the District to the Circuit Court, if the matter in dispute exceeds 300 dollars, and yet decrees and judgments in civil actions may be removed by writ of error, from the District to the Circuit Court, though the value barely exceeds 50 dollars." In another part of this opinion, the judge adds, "that as to the appellate jurisdiction of the Supreme Court, the 22d section says, *and upon a like process*, that is, upon a writ of error, shall final judgments and decrees in civil actions, viz : cases not criminal, and suits in equity, &c.—Among the causes which may be brought to the Supreme Court, by writ of error, are cases which had been removed to the Circuit Court, by *appeal* from a District Court, which can only be cases of admiralty and maritime jurisdiction."

The objection made to this interpretation of the word appeal, that judgments in civil actions at common law, commenced in a District Court, could be re-examined only in a Circuit Court, if well founded in itself, could not, with any propriety, be addressed to courts, after the legislative meaning of the term is ascertained. The technical distinction between a writ of error and an appeal, and between the different cases to which they were applicable, was clearly marked in the act of 13th February, 1801, which was afterwards repealed by the act of the 8th of March, 1802. The former act, after providing for the removal of all *final* judgments or decrees, above the value of 50 dollars, from a District to a Circuit Court, by *appeal*, and by a like proceeding for a removal to the Supreme Court, of those cases only, which were of equity, of admiralty and maritime jurisdiction, and of prize or no prize, proceeded to provide for civil actions at common law, originating in a District Court, by declaring that final judgments, in such cases, if of a certain value, might be removed, at once, from the District to the Supreme Court, by writ of error. So, that as the law stood at that time, a party, in cases at common law, had an election to carry his case, where it exceeded 2,000 dollars, by writ of error, from the District to the Circuit Court, under the 22d section of the act of 1789, but without the privilege of pro-

U. STATES
*v.*
GOODWIN.

ceeding farther, or to proceed with his cause, at once, to the Supreme Court, passing by the Circuit Court.— But it appears not to have been the policy of the legislature at that time, to subject the decisions of the District Court, in civil cases at common law, to more than one re-examination in an appellate Court.