## EDWARD SARCHET AND OTHERS, APPELLANTS v. THE UNITED STATES.

The United States instituted a suit, on a bond for duties, in the district court of the southern district of New York; and after a trial and verdict for the United States, judgment was given against the defendant; who thereupon prosecuted a writ of error to the circuit court for the southern district of New York, where the judgment of the district court was affirmed. The defendant then appealed to the Supreme Court. Held, that cases at law can only be brought from the circuit court by writ of error, and cannot be brought by appeal. In cases at law, removed from the district to the circuit court, the judgment of the circuit court is final and conclusive. It is otherwise in cases of admiralty and maritime jurisdiction.

The cases of the United States v. Hudson and Goodwin, 7 Cranch, 108; and the several cases, 7 Cranch, 287; 2 Wheat. 248, 395, cited.

ON appeal from the circuit court of the United States from the circuit court for the southern circuit of New York.

Mr. Butler, the attorney general, moved to dismiss the appeal on two grounds.

1. That this was originally a proceeding at law, on a bond for duties, in the district court of New York for the southern district; and was, after a judgment of that court for the United States, taken by a writ of error to the circuit court for the southern circuit, by the defendant: where the judgment of the district court was affirmed. The judgment of the circuit court is final in such a case.

2. This is a proceeding at law; and the defendant has brought the case from the circuit court by an appeal, and not by a writ of error.

Mr. Butler cited the United States v. Goodwin, 7 Cranch, 108; 7 Cranch, 287; 3 Wheat. 248, &c.

Mr. Sarchet opposed the motion, in person; cited, 3 Dall. 171; 2 Wheat. 259.

Mr. Chief Justice TANEY delivered the opinion of the Court.

In this case, an action was brought by the United States against Edward Sarchet and others, in the district court for the southern district of New York; upon a bond for duties charged by the collector upon certain iron imported into the United States. The duties

claimed were contested by the defendants; upon the ground that iron of the description imported was not by law chargeable with that duty, and that the bond was therefore improperly taken. The judgment in the district court was against the defendants; and they removed it, by *writ of error*, to the circuit court for the southern district of New York, in the second circuit, where the judgment of the district court was affirmed; and the case is now brought here by *appeal* from the judgment of the circuit court.

The attorney general has moved to dismiss the case for want of jurisdiction in this Court; and we think the *appeal* cannot be sustained.

It has been repeatedly determined that, under the acts of congress regulating the appellate jurisdiction of this Court from the circuit courts, cases mus be brought here by *writ of error*, and cannot be brought here by *appeal*. And as this was a suit at law on a bond, it could not, under any circumstances, legally come before us on *appeal;* but must come up by *writ of error*, in order to give us jurisdiction to try it.

There is also another objection, equally fatal to this proceeding. In cases at law, removed from the district court to the circuit court, the judgment of the circuit court is final between the parties. It is otherwise in cases in equity, and of admiralty and maritime jurisdiction; and although the reason for this distinction may not be entirely obvious, yet it is our duty to conform to the provisions of the law: and this Court have repeatedly decided that, in civil cases at law, the judgment of the circuit court is final, where the case is removed by writ of error, from the district court to the circuit court. The point was fully considered and decided in the case of the United States v. Goodwin, 7 Cranch, 108; and the opinion there given has been since reaffirmed in several cases. 7 Cranch, 287; 2 Wheat. 248, 395. The question must be regarded as too well settled to be now open for argument: and as this Court would not have jurisdiction, in any form of proceeding, to review the judgment given in this case by the circuit court; it would be evidently improper to hear an argument on the questions decided there, or to express any opinion concerning them. The appeal is therefore dismissed.