### BONDURANT, TUTRIX, *v.* WATSON.

The only paper purporting to be the writ of error in this case is in the name and bears the teste, of the Chief Justice of the Supreme Court of Louisiana, and is signed by the clerk and sealed with the seal of that court. *Held,* that the suit must be dismissed for want of jurisdiction.

ERROR to the Supreme Court of the State of Louisiana. The writ of error in this case is as follows : —

" UNITED STATES OF AMERICA,
    " *State of Louisiana, ss :*

" The Hon. Chief Justice of the Supreme Court of the State of Louis'a, to the Clerk of the Supreme Court of the State of Louisiana, greeting :

"Because in the record and proceedings, as also in the rendition of the judgment of a plea, which is in our said Supreme Court, before us, between Frank Watson, plaintiff, and Mrs. Ella F. Bondurant, tutrix, &c., defendant, No. 6564 on the docket of this court, it is claimed by the said defendant that, being a citizen of the State of Mississippi, and the said Watson being a citizen of Louisiana, and in the said cause the rights, titles, and privileges of said defendant, Mrs. Bondurant, tutrix, &c., under the statutes and under the Constitution of the United States, are by her claimed, and that the decision and judgment of this honorable Supreme Court of Louisiana is against the said titles, rights, and privileges of said defendant, Mrs. Bondurant, specially set up under the laws and the Constitution of the United States, and because the said Mrs. Bondurant has filed her petition herein for a writ of error to the

hon. Supreme Court of the United States at Washington, D. C., claiming that a manifest error hath happened, to the great damage of the said defendant, Mrs. E. F. Bondurant, executrix, tutrix, &c., as by said defendant's complaint appears: We being willing that error, if any hath been, should be duly corrected, and full and speedy justice done to the parties aforesaid in this behalf, do command you, if judgment be therein given, that then under your seal, distinctly and openly, you send the record and proceedings aforesaid, with all things concerning the same, to the Supreme Court of the United States, together with this writ, so that you have the same at Washington, on the second Monday of October next, in the said Supreme Court, to be then and there held, that the record and proceedings aforesaid being inspected, the said Supreme Court may cause further to be done therein to correct that error what of right, and according to the laws and customs of the United States, should be done.

"Witness the Honorable T. C. Manning, Chief Justice of the said Supreme Court of Louisiana, this fifteenth day of December, in the year of our Lord one thousand eight hundred and seventy seven.

[SEAL.]         "ALF'D ROMAN,
           *" Clerk of the Supreme Court of Louisiana*

*Mr. Samuel R. Walker* for the plaintiff in error.
*Mr. Edwin T. Merrick* and *Mr. George W. Race*, contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

We have no jurisdiction in this case, as no writ of error has ever been issued. *Mussina* v. *Cavazos*, 6 Wall. 355. By the ninth section of the act of May 8, 1792, c. 36 (1 Stat. 278), it was made the duty of the clerk of this court to transmit to the clerks of the several courts the form of a writ of error approved by two of the justices of this court. This was done, and the form adopted required the writ to be issued in the name of the President of the United States, and have the teste of the Chief Justice of this court. Sect. 1004 of the Revised Statutes is as follows:—

"Writs of error returnable to the Supreme Court may be issued as well by the clerks of the circuit courts under the seals thereof, as by the clerk of the Supreme Court. When so issued they shall be

as nearly as each case may admit, agreeable to the form of a writ of error transmitted to the clerks of the several circuit courts by the clerk of the Supreme Court, in pursuance of section nine of the act of May eight, seventeen hundred and ninety-two, chapter thirty-six."

The writ in this case was in the name of the Chief Justice of the Supreme Court of the State of Louisiana. It bore the teste of that Chief Justice, and was signed by the clerk, and sealed by the seal of that court. It had not a single requisite of a writ of this court. Had it been even colorably issued from this court, it might have been amended under sect. 1005 of the Revised Statutes, which is certainly very liberal, and as follows : —

" The Supreme Court may, at any time, in its discretion and upon such terms as it may deem just, allow an amendment of a writ of error, when there is a mistake in the teste of the writ, or a seal to the writ is wanting, or when the writ is made returnable on a day other than the day of the commencement of the term next ensuing the issue of the writ, or when the statement of the title of the action or parties thereto in the writ is defective, if the defect can be remedied by reference to the accompanying record, and in all other particulars of form : *Provided* the effect has not prejudiced, and the amendment will not injure, the defendant in error."

But here there is nothing which even purports to be a writ from this court, and there is, therefore, nothing to amend. If we should permit the parties to change the seal, or the title, or to do everything else which this section allows, there would still be no writ, for nothing has been done either in the name of the President or under the authority of the United States. The Supreme Court of the State has directed that its record be certified here for examination and review, but no writ to that effect either in form or substance has ever issued from this court. As such a writ is necessary to our jurisdiction, the suit is

*Dismissed.*