## EX PARTE RALSTON.

ORIGINAL.

Argued and submitted December 20, 1886. — Decided January 10, 1887.

The clerk below is not required to furnish a transcript of the record in a cause in error, until a writ of error has issued to which it can be annexed.

In error to a state court it has been the prevailing custom, from the beginning, for the clerk of this court or the clerk of the Circuit Court for the proper circuit to issue the writ, and for such writ to be lodged with the clerk of the state court before he could be called on to make the necessary transcript to be lodged in this court.

This court is without jurisdiction to vacate a supersedeas granted where no writ of error was sued out, as it has no legal effect.

These were applications to the court as a court of original jurisdiction (1) for a writ of mandamus to compel the clerk below to send up a transcript of a record, and (2) to vacate a supersedeas. The case is stated in the opinion of the court.

*Mr. S. Prentiss Nutt* for the motion for a mandamus, and opposing the motion as to supersedeas.

*Mr. James Lowndes,* on behalf of *The British and American Mortgage Company, Limited,* for the motion to vacate the supersedeas.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an application for a writ of mandamus requiring the clerk of the Supreme Court of the state of Louisiana to transmit to this court a true copy of the record in that court of a judgment in the suit of the British and American Mortgage Company against Mrs. E. J. Ralston and her husband, omit-

ting therefrom certain portions not material to the Federal question involved. From the showing made it sufficiently appears that the judgment was rendered April 5, 1886, and that on the 31st of May, 1886, the Chief Justice of the state court allowed a writ of error to this court, "on furnishing bond, with security, according to law, for one thousand dollars, not to operate as a supersedeas." No writ was, however, issued in fact, but the order of allowance, with the petition therefor, was filed in the office of the clerk of the state court, "and a demand made on the clerk . . . for a copy of the record." According to the statements in the petition, the clerk refused to give such a transcript unless it should include everything used on the trial in the state court, but the petitioner wanted only such parts of the record as were necessary to present the single question of which this court had jurisdiction.

After the allowance of the writ by the Chief Justice of the state court, on application of the petitioner, Mr. Justice Woods, the Associate Justice of this court allotted to the Fifth Circuit, made this order, evidently supposing that a writ of error had actually been issued:

"A writ of error having been allowed in this case, and a bond given and duly approved, without an allowance of supersedeas, though the right of supersedeas is claimed by Mrs. E. J. Ralston, the plaintiff in error, it is ordered that further proceedings to enforce executory process in execution sought to be enforced in this case in the Supreme Court of Louisiana, or in the District Court from which the case was appealed to said Supreme Court of Louisiana, be suspended until the further order of the Supreme Court of the United States."

From this statement it is apparent that we have no authority over the clerk in the matter about which the mandamus is asked. As no writ of error has in fact been issued, we have no jurisdiction of the suit. *Mussina* v. *Cavazos*, 6 Wall. 355, 358; *Bondurant* v. *Watson*, 103 U. S. 278. Waiving the question whether the clerk of the state court could issue the writ on the allowance of the Chief Justice of that court, which, to say the least, has never yet been held by this court, *McDonogh* v. *Millaudon*, 3 How. 693, it is sufficient to say that he never has

done so, and, so far as this record shows, he has never been asked to do it. Certainly it has been the prevailing custom from the beginning for the clerk of this court, or the clerk of the Circuit Court for the proper district, to issue the writ, and for such a writ to be lodged with the clerk of the state court before he could be called on to make the necessary transcript for use in this court. Consequently, the simple lodging of the allowance with him ca..not be considered as a demand for the writ; and, besides, this proceeding is not to require him to issue the writ, but to furnish a transcript to be annexed to and returned with the writ, (Rev. Stat. § 997,) which it is not his duty to give until there is a writ to which it can be annexed and with which it can be returned. The application for the mandamus is consequently denied.

Pending these proceedings for mandamus the British and American Mortgage Company has filed a motion to vacate the supersedeas allowed by Mr. Justice Woods. But, as no writ of error has ever been issued, that order has no legal effect. A supersedeas cannot be allowed except as an incident to an appeal actually taken or a writ of error actually sued out. We, however, are as much without jurisdiction to vacate the order of the Justice as he was without jurisdiction to grant it. Consequently, the motion to vacate must be denied, although the order as it stands is of no validity.

*Both motions denied.*