SMITH v. FERST et al.

(Circuit Court of Appeals, Fifth Circuit. January 9, 1895.)

No. 236.

PRACTICE ON APPEAL—FAILURE TO ISSUE WRIT OF ERROR—JURISDICTION.
    Where, after the rendition of judgment in a cause, a writ of error is duly allowed to the defeated party, and a bond is afterwards given and a citation issued, but the citation is not served, and no writ of error is actually issued, the appellate court is without jurisdiction, and the case should be dismissed.

In Error to the Circuit Court of the United States for the Northern District of Florida.

J. N. Stripling, for plaintiff in error.
E. P. Axtell, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. This was an action at law in the circuit court for the Northern district of Florida, in which final judgment was entered on December 22, 1893, in favor of M. Ferst, Sons & Co., plaintiffs, and against E. P. Smith, administrator, etc., claimant. On January 27, 1894, at the same term the judgment was rendered, the presiding judge, in open court, on the motion of claimant's attorney, allowed a writ of error from said judgment to this court, and granted a supersedeas, on claimant giving bond in the sum of $1,000, conditioned according to law. Thereafter, on the 22d of March, a citation was issued signed by the judge, but it does not appear to have been addressed to any particular party, or to have been served upon any one. On the same day a bond was filed by E. P. Smith, as administrator of the estate of E. P. Jones, deceased, in favor of M. Ferst, Sons & Co. in the sum of $1,000, conditioned to answer all costs and damages if the said E. P. Smith, as administrator, etc., should fail to prosecute his writ of error to effect. This bond appears to have been approved by the judge. The record, however, does not show that

any writ of error was actually issued in the case. On this state of facts, the motion made to dismiss the case for want of jurisdiction must be granted. Mussina v. Cavazos, 6 Wall. 355–358; Ex parte Ralston, 119 U. S. 613, 7 Sup. Ct. 317. So ordered.