UNITED STATES FIDELITY & GUARANTY CO. VS SHIRK ET AL.

Opinion rendered June 14, 1907.

(103 S. W. Rep. 773).

*Courts—Courts of Appeals—Jurisdiction of Court of Appeals.*

All appeals and writs of error in the Indian Territory shall be taken

from the United States Courts to the United States Court of Appeals, and from this Court of Appeals to the United States Circuit Court of Appeals for the Eighth Circuit, in like manner as is now provided for in similar cases from the Circuit Courts to the Circuit Court of Appeals. Act March 3, 1905, c. 1479, 33 Stat. 1081, pt. 1 (U. S. Comp. St. Supp. 1905, p. 150). The Eighth Rule of the Circuit Court of Appeals for the Eighth Circuit provides that the same practice shall be followed in so far as is applicable, as in the United States Supreme Court. Therefore, the Court of Appeals in the Indian Territory having no jurisdiction of an appeal in a case at law, can do nothing but dismiss the case.

Appeal from the United States Court for the Northern District of the Indian Territory; before Justice Gill, March 4, 1905.

Action by John C. Shirk and others against the United States Fidelity & Guaranty Company. Judgment for plaintiffs, and defendant appeals. Appeal dismissed.

*D. H. Wilson* and *W. S. Stanfield*, for appellant.

*W. H. Kornegay*, for appellee.

CLAYTON, J.  The question in this case arises on a motion filed by appellee to affirm the judgment of the court below. The action was a suit on a delivery bond executed in a suit in replevin in which it was alleged that the appellant was surety. The case was tried to a jury, verdict and judgment for plaintiff, appellees, in the sum of $2,523.27. An appeal to this court was prayed and granted on March 4, 1905, one day after the passage and approval of an act of Congress entitled "An act making an appropriation for the current and contingent expenses of the Indian Department," etc., approved March 3, 1905, c. 1479, 33 Stat. 1081, pt. 1 (U. S. Comp. St. Supp. 1905, p. 150), in which it is provided: "Sec. 12. That hereafter all appeals and writs of error shall be taken from the United States Courts in the Indian Territory to the United States Court of Appeals in the Indian Territory, and from the United States

Court of Appeals in the Indian Territory to the United States Circuit Court of Appeals for the Eighth Circuit in the same manner as is now provided for in cases taken by appeal or writ of error from the Circuit Courts of the United States to the Circuit Court of Appeals of the United States for the Eighth Circuit." Before the passage of this act, under the Arkansas laws in force here, an action at law could be brought up to this court by an appeal, but by this act this can no longer be done. All such cases must now be reviewed by writ of error. The attorneys for appellant were not apprised of this act when this appeal was taken; and, upon learning of it, they took no further steps to perfect this appeal, but brought the case upon writ of error, which case is now on our docket No. 664. This case on writ of error, however, was not filed for more than two months after the motion to affirm in this case.

The motion to affirm rests solely on the ground that appellant has failed to file the transcript of record with the clerk of this court within 90 days after the allowance of the appeal, as he was required to do under the Arkansas law. As the case is one at law, and was brought here by appeal, instead of writ of error, this court is without any jurisdiction of the case, and therefore is without power to affirm the judgment below. And this has been repeatedly held by the Supreme Court of the United States and by the Circuit Courts of the United States. The case of Stephens vs Clark, 18 U. S. App. 584, 10 C. C. A. 379, 62 Fed. 321, decided by the Circuit Court of the Northern District of Illinois, is directly in point, and the authorities are in that case collated. The San Pedro, 2 Wheat. (U. S.) 132, 4 L. Ed. 202; Brooks vs Norris, 11 How. (U. S.) 204, 13 L. Ed. 665; Sarchet vs United States, 12 Pet. 143, 9 L. Ed. 1033; Kelsey vs Forsyth, 21 How. 85, 16 L. Ed. 32; Walker vs Dreville, 12 Wall. 440, 20 L. Ed. 429; Bondurant vs Watson, 103 U. S. 278, 26 L. Ed. 447; Ex parte Ralston, 119 U. S. 613, 7 Sup. Ct. 317, 30 L. Ed. 506. These cases and

many more are cited by the court in the Stephens vs Clark case, and clearly show that in the Supreme Court of the United States no jurisdiction attaches by an appeal in a case at law, nor by writ of error in cases in equity, and the only thing left to the court is to dismiss such cases.

As the Circuit Court of Appeal for the Eighth Circuit, by its rule 8 (150 Fed. xxvii), has adopted the practice of the Supreme Court of the United States, the same is in force with us. Therefore having no jurisdiction, the appeal is dismissed.

TOWNSEND and LAWRENCE, JJ., concur.