## TOEG et al. v. SUFFERT.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1909.)

### No. 1,534.

1. COURTS (§ 405*) — CIRCUIT COURTS OF APPEALS — APPELLATE JURISDICTION FROM UNITED STATES COURT IN CHINA—MODE OF REVIEW.

Act June 30, 1906, c. 3934, 34 Stat. 814 (U. S. Comp. St. Supp. 1907, p. 797), creating a United States Court for China, provides, in section 3, that "appeals shall lie from all final judgments or decrees of said court to the United States Circuit Court of Appeals of the Ninth Judicial Circuit, and thence appeals and writs of error may be taken from the judgments or decrees of the said Circuit Court of Appeals to the Supreme Court. * * * Said appeals or writs of error shall be regulated by the procedure governing appeals within the United States from the District Courts to the Circuit Courts of Appeal and from the Circuit Courts of Appeal to the Supreme Court * * * respectively." *Held*, that such act recognizes the distinction between cases at law and in equity and admiralty, and requires the appellate procedure to conform to that of the Circuit and District Courts, and that a judgment of such court in an action at law is reviewable only on writ of error.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.·]

2. COURTS (§ 356*)—UNITED STATES COURTS—PROCEDURE—APPEAL AND ERROR.

Where it is sought to review an action at law by appeal instead of writ of error, the Circuit Court of Appeals will dismiss the appeal on its own motion, though appellee makes no appearance.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1004, 1010; Dec. Dig. § 356.*]

Appeal from the United States Court for China.

Jernigan & Fessenden and Chickering & Gregory, for appellants.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GILBERT, Circuit Judge. The appellants in this case seek to review by appeal a judgment of the United States Court for China rendered in an action at law which they brought against the appellee to recover upon a promissory note. Section 3, Act June 30, 1906, c. 3934, 34 Stat. 815 (U. S. Comp. St. Supp. 1907, p. 798), creating a United States court for China, provides:

"That appeals shall lie from all final judgments or decrees of said 'court to the United States Circuit Court of Appeals of the Ninth Judicial Circuit, and thence appeals and writs of error may be taken from the judgments or decrees of the said Circuit Court of Appeals to the Supreme Court of the United States in the same class of cases as those in which appeals and writs of error are permitted to judgments of said Court of Appeals in cases coming from District and Circuit Courts of the United States. Said appeals or writs of error shall be regulated by the procedure governing appeals within the United States from the District Courts to the Circuit Court of Appeals, and from the Circuit Court of Appeals to the Supreme Court of the United States, respectively, so far as the same shall be applicable; and said courts are hereby empowered to hear and determine appeals and writs of error so taken."

It is apparent from a reading of this section that it was the intention of Congress to recognize the distinction between cases at law and cases in equity and admiralty, and to provide that the mode of procedure by which the appellate jurisdiction of this court may be invoked shall conform in all respects to the statutes and rules of court governing appeals and writs of error from the District and Circuit Courts. The statute is not unlike the statute which was construed in Chase v. United States, 155 U. S. 489, 15 Sup. Ct. 174, 39 L. Ed. 284. The case could have been brought to this court only upon writ of error. For want of jurisdiction we are required to dismiss the appeal, notwithstanding that the appellee has made no motion nor appearance herein. Jones v. La Valette, 5 Wall. 579, 18 L. Ed. 550; Generes v. Campbell, 11 Wall. 193, 20 L. Ed. 110; Bevins et al. v. Ramsay et al., 11 How. 185, 13 L. Ed. 657; Behn, Meyer & Co. v. Campbell & Go Tauco, 200 U. S. 611, 26 Sup. Ct. 753, 50 L. Ed. 619.

The appeal is dismissed.