PRICE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1909.)

No. 1,660.

COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—MODE OF REVIEW—STATUTES.
Act Cong. June 30, 1906, c. 3934, § 3, 34 Stat. 815 (U. S. Comp. St. Supp. 1907, p. 798), provides that an appeal shall lie from all final judgments and decrees of the United States Court for China to the United States Court of Appeals for the Ninth Circuit, and thence to the Supreme Court of the United States in the same class of cases as those in which appeals and writs of error are permitted to judgments of such Court of Appeals in cases coming from District and Circuit Courts of the United States, and that such appeals or writs of error shall be regulated by the procedure governing appeals within the United States from the District Courts to the Circuit Courts of Appeal and from the Circuit Courts of Appeal to the Supreme Court of the United States, respectively, so far as the same shall be applicable, and that the courts are empowered to hear and determine appeals and writs of error so taken. *Held,* that such act recognizes a distinction between cases at law and in equity and admiralty, and that a judgment from such court erroneously brought to the Circuit Court of Appeals by appeal, instead of by writ of error, should not be reviewed, though the record contained all the essential elements of a record brought up by writ of error.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the United States Court for China.

See, also, 156 Fed. 950, 85 C. C. A. 247, 15 L. R. A. (N. S.) 1272.

Jernigan & Fessenden, Wm. S. Fleming, and Bert Schlesinger, for appellant.

Robert T. Devlin, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This cause comes here from the United States Court for China, established by Act Cong. June 30, 1906, c. 3934, 34 Stat. 814 (U. S. Comp. St. Supp. 1907, p. 797), the third section of which act is as follows:

"That appeals shall lie from all final judgments or decrees of said court to the United States Circuit Court of Appeals for the Ninth Circuit, and thence appeals and writs of error may be taken from the judgments or decrees of the said Circuit Court of Appeals to the Supreme Court of the United States in the same class of cases as those in which appeals and writs of error are permitted to judgments of said Court of Appeals in cases coming from District and Circuit Courts of the United States. Said appeals or writs of error shall be regulated by the procedure governing appeals within the United States from the District Courts to the Circuit Courts of Appeal, and from the Circuit Courts of Appeal to the Supreme Court of the United States, respectively, so far as the same shall be applicable; and said courts are hereby empowered to hear and determine appeals and writs of error so taken."

In the recent case of Toeg v. Suffert (decided February 1, 1909, C. C. A.) 167 Fed. 125, we said:

"It is apparent upon a reading of this section that it was the intention of Congress to recognize the distinction between cases at law and cases in equity and admiralty, and to provide that the mode of procedure by which the appellate jurisdiction of this court may be invoked shall conform in all respects to the statutes and rules of court governing appeals and writs of error from district and circuit courts. The statute is not unlike the statute which was construed in Chase v. United States, 155 U. S. 489, 15 Sup. Ct. 174, 39 L. Ed. 234. The case could have been brought only to this court upon writ of error."

The appeal in that case was accordingly dismissed.

In the present case it is insisted that, although the procedure is in the record designated as an appeal, yet that the record contains all of the essential elements of a writ of error, and that consequently the mere misnomer should not deprive the appellant of his right to have his case reviewed.

An examination of the record shows that a bill of exceptions was presented by the defendant in the court below and settled by the trial judge, and that an assignment of errors was likewise presented by the defendant, along with a petition for an "allowance of appeal * * * for the reasons specified in his assignments of error herein," and praying that the transcript, papers, and proceedings be sent to this court, upon which proceedings the court below made an order allowing an appeal and directing a "certified transcript of the record, testimony, exhibits, and all proceedings herein be forthwith transmitted to said United States Circuit Court of Appeals of the Ninth Judicial Circuit." The record further shows a citation admonishing the appellee to "appear at this court within 30 days from the date of this writ, pursuant to an appeal filed in the clerk's office of the United

States Court for China, wherein S. R. Price is the defendant," issued in the name of the Chief Justice of the United States, signed by the judge of the United States Court for China, and attested by the clerk of that court, and that a deposit of money was made with the clerk of the court in lieu of a bond for costs in the appellate court.

We are not authorized to abolish the distinction between a writ of error and an appeal, and, as in this case no writ of error was in fact issued, we have no jurisdiction of the suit. Ex parte Ralston, 119 U. S. 613, 614, 7 Sup. Ct. 317, 30 L. Ed. 506; Mussina v. Cavazos, 6 Wall. 355, 356, 18 L. Ed. 810; Bondurant v. Watson, 103 U. S. 278, 26 L. Ed. 447.

The appeal is dismissed.