[No. 6316.]

SALISBURY v. LaFITTE.

1. **Appeals—What May Be Assigned for Error**—Where there is no bill of exceptions, only the pleadings will be considered. If these are sufficient to support the judgment, it will be affirmed. —(406)

2. **Pleadings—Complaint**—Complaint in an action for an assault, held sufficient.—(406)

3. **———Answer**—In an action for an assault the defendant having interposed a general denial, and pleaded son assault demesne, further defenses setting up at great length that defendant was wrongfully in the occupancy of certain premises, the property of defendant's wife, the history of the title in detail, and the history of a litigation involving such title, were held properly stricken out.—(406)

*Appeal from Larimer District Court* — Hon. HARRY P. GAMBLE, Judge.

Mr. GEORGE SALISBURY appellant *pro se.*

No appearance for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

The appellee, Marie LaFitte, instituted this suit. The substance of her complaint is, that on April 5, 1905, the defendant (appellant) unlawfully, maliciously and with a wanton and reckless disregard of the plaintiff's rights and feelings, broke and entered the dwelling house of the plaintiff, situate at Fort Collins, and unlawfully and maliciously assaulted and beat the plaintiff, striking her with a heavy cane across and in her mouth, in such manner

as to knock out one of her teeth and loosen five others, felling her to the floor with said blow in such manner as to cause a large and severe contusion and bruise upon the back of her head, and then beating and kicking her in such manner that her left arm and one of her legs were severely bruised, contused and injured, by reason of which she became and was still sick, lame, sore and has suffered and continues to suffer great bodily pain and anguish and great humiliation and mental suffering to her damage in the sum of $10,000.00.

For answer, first, the defendant denies each and every allegation of the complaint. For a second defense, he alleges that he did not strike or wound the plaintiff. For a third defense, the defendant states that the plaintiff first assaulted him, when he thereupon, necessarily, committed the acts complained of in self-defense. For a fourth defense, the defendant alleged that, at the time mentioned, the plaintiff was not the owner nor entitled to possession of certain property in Fort Collins, but that his wife, Susan R. Salisbury, was the owner of said property, and that said plaintiff was occupying said house as a trespasser. Then follows numerous allegations in detail pertaining to the history of the title to this property, which is followed by a repetition, in substance, of the plea of justification and self-defense, as set forth in the third defense. The fifth defense set forth, in different language and at great length, the same history pertaining to the title of the same property, and the history of a long series of litigation pertaining to it; likewise, it concludes with the plea of justification of self-defense, as set forth in the third defense. A sixth defense sets forth more specifically, and at greater length, the long series of litigation pertaining to this property and the history of its title, including other litigation pertaining to it,

before some justice of the peace, which was not set forth in the preceding defenses. It further states that Mrs. LaFitte was occupying this house as a trespasser, but omits stating any facts sufficient to constitute a defense to the cause of action set forth in the complaint. Upon motion, the fourth, fifth and sixth alleged defenses were stricken.

Trial was by a jury, which resulted in a verdict for the plaintiff in the sum of $150.00; judgment was rendered accordingly, from which this appeal has been prosecuted.

This judgment was rendered and appeal perfected prior to the adoption of the act of 1907, raising the amount from which appeals can be taken, and is subject to review under the prior act.

The appellant has not seen fit to bring to this court for review the evidence or the instructions given at the trial. Under these circumstances, the only assignments of error that can be considered are those pertaining to the pleadings. We find no prejudicial error in this respect. The first, second and third defenses cover all material parts of the defenses attempted to be stated in the pretended additional defenses, wherein the title to certain property and the history pertaining to sundry litigations between these parties is sought to be presented; these constituted no part of any defense to the action.

The judgment is affirmed.          *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.