**In re HARGROVE et al.**

No. 8766.

Circuit Court of Appeals, Fifth Circuit.

April 4, 1938.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is a petition for an appeal from an order setting aside an adjudication under subsection (s) of section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203 (s), and dismissing the petition, and also for an injunction to stay a foreclosure sale to preserve the status quo pending the appeal.

The petition, a statement of the issues involved, an assignment of errors, and a memorandum of authorities, all in typewritten form, are presented to this court without being filed in the District Court, without any part of the record from the District Court, without the payment or tender of fees, and without filing the state-

ment under oath required by 28 U.S.C.A. § 832. No citation has issued, either from this court or from the district court, although the affidavit attached to the petition recites that notice of the appeal was given in open court and that further notice was given to the attorneys of record when the petition was filed. This affidavit is by the attorney for petitioners, and does not offer any explanation why it was not made by one of the parties. It does not appear that the petition or any of the related papers were executed by either petitioner.

Rule 39 of this court provides as follows: "Appeals in cases provided for in Sec. 24(b) of the Bankruptcy Act of 1898, as amended by the Act of May 27, 1926, may be taken, subject to allowance, by filing in the District Court, within the time allowed by law, a petition for appeal addressed to this court. Proper security, as required, may be taken and citation signed by the District Judge or a Circuit Judge of this Circuit. A record, including the petition for appeal, shall be printed and made up in the form and manner, and be filed in this court on or before the return day, as provided for other appeals."

The matter sought to be presented is properly the subject of an appeal to superintend and revise, and comes within section 24 of the act, as amended, 11 U.S.C.A. § 47. Vallely v. Northern Fire, etc., Insurance Co., 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297; In re De Camp Glass Casket Co., 6 Cir., 272 F. 558. Certiorari denied 256 U.S. 703, 41 S.Ct. 624, 65 L.Ed. 1179. Cf. Knotts v. First Carolinas Joint Stock Land Bank, 4 Cir., 86 F.2d 551.

Giving our Rule 39 the force and effect of law, U. S. v. Barber Lumber Co., C.C., 169 F. 184, the appeal must be denied for noncompliance therewith, unless there is some provision of the act in conflict with it. We know of no such provision, and none is pointed out, either in the petition or memorandum of authorities.

By petitioners' failure to pay the fees or to file the sworn statement of inability, we assume that they construed section 75(s) (4) as relieving them from further payment after the filing fee in the District Court had been paid. The act contains the following provisions: "No additional fees or costs of administration or supervision of any kind shall be charged to the farmer debtor when or after he amends his petition or answer, asking to be adjudged a bankrupt, under this subsection, but all such additional filing fees or costs of administration or supervision shall be charged against the bankrupt's estate." 11 U.S.C.A. § 203 (s) (4).

It is obvious from this quotation that Congress did not intend to remit the payment of any of the fees which might regularly accrue. On the contrary, it made specific provision for payment from the estate. In this case, since the entry of the order appealed from, there is no estate. Obviously, the provision can apply only to proceedings being had under and pursuant to an adjudication, and would have no application to a case in which the adjudication was denied or set aside. Moreover, from the context it appears that the fees and costs referred to are those incurred in the District Court and not those incurred on appeal, so that, in order to prosecute an appeal, the fees must be paid or the affidavit filed which is provided for in 28 U.S.C.A. § 832.

For the reasons stated, the appeal is denied. There being no case to which the jurisdiction of this court can attach, we are without power to grant or even consider the prayer for injunctive relief to preserve the status quo pending the appeal. Cf. Ex parte Ralston, 119 U.S. 613, 7 S.Ct. 317, 30 L.Ed. 506.

The appeal is denied and the petition dismissed.