**UNITED STATES ex rel. ANGELICA v. HAMMOND.**

**UNITED STATES ex rel. CARLISLE v. SAME. ***

Nos. 8792, 8607.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1938.

HOLMES, Circuit Judge, dissenting.

*Rehearing denied 100 F.2d 227.

558

No. 8792:

Horace Soule, of Houston, Tex., for appellant.

Douglas W. McGregor, U. S. Atty., and George O'Brien John, Asst. U. S. Atty., both of Houston, Tex., for appellee.

No. 8607:

Jno. E. Green, Jr., Robt. F. Carter, and Archie D. Gray, all of Houston, Tex., for appellant.

Grant W. Kelleher, Sp. Atty., Department of Justice, of Washington, D. C., John Henry Lewin and Hammond E. Chaffetz, Sp. Assts. to Atty. Gen., and Douglas W. McGregor, U. S. Atty., and George O'Brien John, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

These are appeals from judgments in habeas corpus cases to test warrants of removal to other States for trial on federal offenses. The appellee moves to dismiss the appeals on the ground that since they were taken the Act of June 29, 1938, has gone into effect, which he urges prevents consideration of them, there being in the Act no saving of pending cases. The Act amends 28 U.S.C.A. § 463(a) by inserting a proviso so that it shall read thus:

"In a proceeding in habeas corpus in a district court, or before a district judge, or a circuit judge, the final order shall be subject to review, on appeal, by the circuit court of appeals of the circuit wherein the proceeding is had: Provided, however, That there shall be no right of appeal from such order in any habeas corpus proceeding to test the validity of a warrant of removal issued pursuant to the provisions of section 1014 of the Revised Statutes [section 591 of Title 18], or the detention pending removal proceedings. * * *"

The question is whether the words "There shall be no right of appeal from such order" merely prevents the taking of an appeal after the date of the Act, or whether they also cut off the prosecution of one already taken and its decision by the appellate court. We think the latter is the true intent of Congress. The Committee Reports on the Act show that there had been experience of delay and obstruction of justice through such appeals, and the purpose of the Act was to have the accused after a decision against him on this preliminary matter to have his next hearing in his trial in the court to which removed, with the usual right to appeal there. The title of the Act reads: "An Act To abolish appeals in habeas corpus proceedings brought to test the validity of orders of removal." The language in the body of the Act denies any "right of appeal." We think it clear that the intent is to cut such appeals off entirely, without saving those that are pending. It is usual to add a saving clause if pending cases are to be excepted.[1] There is no good reason why an accused who has just taken an appeal should be favored over another who is about to take one. The words "right of appeal" do not mean simply the right to appeal or to take an appeal, but refer to the whole appellate procedure. When the right of appeal is cut off, a pending appeal dies, just as when a statutory cause of action is cut off by repeal without saving clause a pending action upon it dies. Norris v. Crocker, 13 How. 429, 14 L.Ed. 210; Western Union Telegraph Co. v. Louisville & Nashville R. Co., 258 U.S. 13, 42 S.Ct. 258, 66 L.Ed. 437. The appellants no longer have a standing in court. The appellate court in such a case acts according to the law as it is when judgment is to be rendered, and not as it was when the appeal was taken. 3 Am.Jur. Appeal and Error, § 1157.

The same result is reached if the Act be treated as affecting the jurisdiction of the court. That it was so intended is likely, for it is an amendment of the statute which gives appellate jurisdiction over habeas corpus judgments. A repeal of the law giving the appellate court jurisdiction prevents a judgment though the case has

---

[1] Recent instances of saving clauses where a right of suit was abolished are the Acts of May 14, 1934, § 2, and August 21, 1937, § 2. 28 U.S.C.A. § 41 (1a) (a) and (b).

been argued and submitted for decision. Ex parte McCardle, 7 Wall. 506, 19 L.Ed. 264. So does an amendment which excludes the pending case. Baltimore & P. Railroad Co. v. Grant, 98 U.S. 398, 25 L. Ed. 231. See, also, Merchants' Insurance Co. v. Ritchie, 5 Wall. 541, 18 L.Ed. 540. There is no vested right in a pending appeal. This Act operates only prospectively, but it is effective to abolish the appeals to which it relates whether already taken and pending at its date or not. The appeals are accordingly dismissed.

HOLMES, Circuit Judge (dissenting).

It is well settled that, when the jurisdiction of a cause depends upon a statute, the absolute repeal of the statute takes away the jurisdiction; but in this case the statute conferring jurisdiction to review, on appeal, all final orders in habeas corpus proceedings was not repealed. It was re-enacted in haec verba, except that a proviso was added which must be construed as operating prospectively unless, expressly or by necessary implication, a contrary intention is indicated. No such intention is indicated in the act or by anything said or done in the Congress at the time of its passage.

The act in question is fairly construed to read that the final order in all habeas corpus proceedings shall be subject to review by the circuit courts of appeals: provided, however, that hereafter there shall be no right of appeal in the particular class of cases mentioned. This construction preserves jurisdiction to review cases pending on appeal, but denies to litigants the right of appeal after the date of the act.

That the Congress knew exactly what it was doing is indicated by the report of the committee that its purpose. was to plug loopholes for delay in criminal cases. The delay in this case has already occurred. The appeal is pending, our jurisdiction to review it was expressly conferred by re-enactment, and a dismissal instead of a decision on the merits will probably cause still further delay. This is also indicated by a comparison of similar legislation. The act under consideration in Baltimore & P. Railroad Co. v. Grant, 98 U.S. 398, 25 L.Ed. 231, restricted the jurisdiction of the court to re-examine, reverse, or affirm any final judgment upon writ of error or appeal, and expressly repealed all prior acts inconsistent therewith. The opinion opens with the statement by the Chief Justice that the single question presented for decision "is

whether there is any law now in force which gives us authority to re-examine, reverse, or affirm the judgment in this case." [page 400.] The court held that the act was prospective in operation, that it did not vacate or annul an appeal already taken, but that it took away the right of the court to hear and determine the cause. The court distinguished between the right of appeal and jurisdiction to consider an appeal. The case at bar is the converse of the Grant Case. There the right of appeal remained, but the jurisdiction was gone; here the jurisdiction remains, but the right of appeal is gone. See, also, U. S. v. Boisdore, 49 U.S. 113, 8 How. 113, 12 L.Ed. 1009, where a motion to dismiss was overruled, and the court's jurisdiction was held to continue in force, unless repealed by Congress, until a final disposition of all appeals regularly brought up from the district court.

In Merchants' Ins. Co. v. Ritchie, 5 Wall. 541, 18 L.Ed. 540, and Ex parte McCardle, 7 Wall. 506, 19 L.Ed. 264, the repealing statute took away the entire appellate jurisdiction in cases of the character mentioned. In the latter instance, the act expressly took away jurisdiction in appeals which had been taken, as well as those which might thereafter be taken. Pending appeals fall when the grant of jurisdiction is repealed. This is obvious, for once jurisdiction is lost, the court can take no further action of any kind, except to dismiss the case. It has lost all power to deal with the appeal. This was clearly stated in Ex parte McCardle, supra, as follows [page 514]:

"What, then, is the effect of the repealing act upon the case before us? We cannot doubt as to this. Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle."

In the present case, it is clear that the Act of June 29, 1938 (28 U.S.C.A. § 463), did not repeal the grant of jurisdiction in any respect; it was prospective in operation and did not vacate or annul appeals already taken. It merely provided that, in the future, there should be no right of appeal in such cases. The sole question then, as in Baltimore & P. Railroad Co. v. Grant, supra, is whether there is any law now in force which gives us the right to re-exam-

ine, reverse, or affirm the judgment in this case. Eliminating the proviso which, according to the Chief Justice, does not annul appeals already taken, we find our jurisdiction unimpaired by the re-enactment which says that the final order in this case is subject to review, on appeal, by the circuit courts of appeals. Had Congress intended to abolish jurisdiction in pending appeals, it would have been easy to accomplish the purpose, according to the Grant and McCardle Cases, as follows:

"In a proceeding in habeas corpus * * * the final order shall be subject to review on appeal, by the Circuit Court of Appeals * * * except in any habeas corpus proceeding brought in connection with removal proceedings pursuant to section 1014 of the Revised Statutes [18 U.S.C.A. § 591]."

By substituting the single word "except" for the words "provided, however, That there shall be no right of appeal from such order," the statute would have dealt with the jurisdiction of this court rather than with the right of a litigant to sue out an appeal. Without limiting or restricting the jurisdiction of this court, the act of 1938 prospectively withdrew the right of appeal in the particular class of cases.

The act under consideration is careful to distinguish between the court's jurisdiction and the petitioner's right of appeal. We should not confuse the two. There is no right of appeal in a court; the aggrieved party is given a right of appeal which, when properly invoked in a particular case, confers jurisdiction on the court having legal capacity to receive it. When jurisdiction attaches, it cannot be taken away until the power is exercised, except by operation of law or with the consent of the court. This is true, even though the party who invoked the jurisdiction does not desire to proceed further with the cause. The jurisdiction in this case was full and complete before the Act of June 29, 1938, was passed. It was expressly preserved by the act, as amended, and was not affected by the provision prospectively depriving litigants of the right of appeal in similar cases.

The error in the decision about to be rendered apparently is this: An amendatory proviso, which admittedly may be construed as prospective only, will be given a retroactive effect. An act which was intended to abolish the right of future appeals is made the basis of dismissing pending appeals, notwithstanding the provision in the same act that the "order [under consideration] shall be subject to review, on appeal, by the circuit court of appeals of the circuit wherein the proceeding is had."

Briefly put, the Act of June 29, 1938, said, in effect, that this court should have jurisdiction in all habeas corpus appeals, but that, in the future, there should be no right of appeal in such cases as this. If Congress had expressly inserted in the proviso the words "in the future," no one would have mistaken the meaning; but, under well-settled principles, the courts construe such legislation to operate prospectively only. All of the act except the proviso operates retroactively as well as prospectively, because all of the rest of it is old and deals with jurisdiction. The proviso is the only thing new in the act, and it does not deal with jurisdiction but relates solely to the right of a litigant to invoke in the future the jurisdiction conferred by law upon a court constitutionally capable of accepting it.

If, instead of rewriting the old act conferring jurisdiction in this class of cases, a separate and independent law had been enacted abolishing the right of appeal in future cases, it would be clear that jurisdiction in pending cases had not been affected. Yet, in principle, there is no difference.

The absence of jurisdiction in this case must be arrived at, if at all, by an implied repeal of a previous grant; and such repeals are not favored in law. There is no express repeal of prior inconsistent provisions, as in Baltimore & P. Railroad Co. v. Grant; no expressed retroactive intention, as in the McCardle Case. What then is there to work an implied repeal? What is there in the proviso so repugnant to the prior grant, as to indicate a congressional intent that the jurisdiction of appeals previously taken cannot stand with the abolished right of appeals to be taken in the future? A fortiori, what is there in the proviso so repugnant to the contemporaneous grant as to indicate such a congressional intent? An appeal is a proceeding by which a cause is brought from an inferior to a superior court for rehearing, re-examination, or review. The right of appeal is the right to take proceedings for the removal of such cause for the purpose mentioned. In other words, it is the right to call upon a higher court to decide an issue of law or fact, or both.

Under the construction of the majority, the Congress granted jurisdiction in one

sentence and, by the use of different words, took it away in another in the same paragraph. Under such construction, the power of a court to review an order and the right of a litigant to appeal from such order mean exactly the same thing. By judicial construction, the word "review" is substituted for "appeal" in the proviso, and it is made to read as follows: "Provided, however, That there shall be no right of review of such order in any habeas corpus proceeding to test the validity of a warrant of removal."

It is a canon of construction that ordinary words should be given their ordinary meaning and technical words their technical meaning. When we speak of the right of appeal, we do not ordinarily refer to the jurisdiction of a court to hear and determine the case. In common speech, the mind of the hearer of such words is directed to the right of an unsuccessful litigant to invoke the jurisdiction of a higher court for the purpose of correcting an alleged injustice. It is a right which may be waived or become extinct by lapse of time. It is not a vested right, because it may be abolished before it is exercised; nor is there any vested right to have the court review the case after its jurisdiction has been invoked. Courts may dismiss an appeal without hearing the case on the merits and the Congress may abolish the jurisdiction of courts in pending cases, but no human agency can take away the right of appeal which has been properly exercised. It is a right which has become an accomplished fact, and, like the grace of a day that is gone, can never be taken away. In United States v. Goodwin, 7 Cranch 108, 110, 3 L.Ed. 284, Chief Justice Ellsworth is quoted as follows: "An appeal is a civil law process, and removes a cause entirely, subjecting the law and fact to a review and re-trial."

The removal of a cause from a court of inferior to one of superior jurisdiction for the purpose of obtaining a review and retrial is a matter of practice. Speaking for this court, Judge Sibley said: "Statutes regulating appeals are remedial and should have a liberal construction in furtherance of the right of appeal." In re Hurley Mercantile Co., 5 Cir., 56 F.2d 1023, 1025. See, also, Appeal and Error, 2 R.C.L. 6.

In United States v. St. Louis Railway Co., 270 U.S. 1, 46 S.Ct. 182, 70 L.Ed. 435, Mr. Justice Brandeis said [page 183]: "That a statute shall not be given retroactive effect, unless such construction is required by explicit language or by neces-

sary implication, is a rule of general application. It has been applied by this court to statutes governing procedure, United States Fidelity & Guaranty Co. v. United States, 209 U.S. 306, 28 S.Ct. 537, 52 L.Ed. 804; and specifically to the limitation of actions under another section of Transportation Act of 1920. Fullerton-Krueger Lumber Co. v. Northern Pacific R. Co., 266 U.S. 435, 45 S.Ct. 143, 69 L.Ed. 367."

In Foster v. Missouri Commission for Blind, 327 Mo. 416, 37 S.W.2d 450, the statute was repealed under which writ of error was granted. In overruling a motion to dismiss, the court said [page 451]:

"The proceeding under review was initiated under, and its disposition must be governed by, the act providing pensions for the deserving blind, as passed in 1923. Laws 1923, p. 302 et seq. In 1925, section 9 of the act was repealed and a new section enacted in lieu of it. Laws 1925, pp. 316, 317, now section 8901, Rev.St. 1929 [Mo. St.Ann. § 8901, p. 6256]. Under its provision any person aggrieved by the action of the Commission for the Blind may appeal to the circuit court, where a trial de novo shall be had 'and the judgment rendered thereupon shall be final.' In other words, such judgments are not now reviewable on appeal or writ of error. But as the writ of error in this case was sued out before the act of 1925 went into effect, it must be proceeded with in all respects in accordance with the law as it stood prior to the change. Section 658, Rev.St. 1929 [Mo.St.Ann. § 658, p. 4910]."

In Kepler v. Rinehart, 162 Ind. 504, 70 N.E. 806, the Supreme Court of Indiana said:

"As a general rule, the right of appeal is governed by the law applicable thereto in force when the final judgment is rendered, and, unless it is evident from the terms of a statute which gives, modifies, or takes away the right of appeal that it was intended to have a retrospective effect, it has no application to causes in which final judgment was rendered prior to the time such act took effect."

In Good v. Keel, 29 Okl. 325, 116 P. 777, the Supreme Court of Oklahoma declared:

"It is a rule of statutory construction that all statutes are to be construed as having a prospective operation unless the purposes and intention of the Legislature to give them a retrospective effect is expressly declared, or is necessarily implied from the language used. 36 Cyc. 1205. In

every case of doubt the doubt must be resolved against the retrospective effect."

See, also, Catterlin v. Bush, 39 Or. 496, 59 P. 706, 65 P. 1064; Salisbury v. La Fitte, 50 Colo. 404, 115 P. 533.

The intention of Congress to cut off a hearing, on appeal, in a pending cause involving human liberty should be plain before the court refuses to hear and determine the merits. No such intention having been manifested by the language of the act in question, I think the motion to dismiss should be overruled.